UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FAGAN, et al,
                      PLAINTIFFS        CIVIL ACTION
                                          07-CV-10293 (SAS)
- vs -

LOWY, et al

                     DEFENDANTS.
------------------------------------------------------------X

===========================================================

**MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF**

===========================================================

**PLEASE TAKE NOTICE** that the below referenced Plaintiff will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin, for, among other things, and Order

    (i)    To seal certain papers in this case;

    **(ii)**    For Extension of Time to File Motions for Remand and for Recusal;

    (iii)    For Expedited Pre-Motion Conference Related to Motions; and

    (iv)    For such other relief as is just and equitable.

1

**PLEASE TAKE FURTHER NOTICE** that Plaintiff make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the Southern /Eastern Districts of New York

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiff will rely upon Declaration and Statement of Authorities of Edward D. Fagan, together with supporting Exhibits.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District and/or at such other date as may be set by the Court.

Dated: December 13, 2007
New York, NY

/s/ Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel. (646) 378-2225
Fax (646) 304-6446
Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF**

to be electronically filed with the Clerk of the Court and served upon counsel of record.

A courtesy copy of the papers with the moving papers have been forwarded to the Honorable Shira A. Scheindlin, USDJ.

An additional copy is electronically, faxed and/or served and to Defendants' counsel of record.

Dated: December 13, 2007           /s/ Edward D. Fagan (electronically signed)
       New York, NY                     Edward D. Fagan, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FAGAN, et al,
      PLAINTIFF  : CIVIL ACTION
            : 07-CV-10293 (SAS)
 - vs -

LOWY, et al

      DEFENDANTS. :
------------------------------------------------------------X

**AFFIDAVIT AND STATEMENT OF AUTHORITIES IN SUPPORT OF MOTION MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF**

Edward D. Fagan, hereby declares and says:

1. I am listed as Plaintiff in the above referenced matter.

## RELEVANT FACTS

2. This Motion is filed because Mr. Lowy and his counsel Mr. Perle are improperly disclosing Confidential, Attorney Client, Work Product and other privileged communications in which Litigation Strategy, appellate strategy, strategy as to how to deal with this Court in the matters entitled *In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK);*

1

*and Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK) (hereinafter collectively referred to as "The Kaprun Cases").*

3. Such disclosure has and continues to prejudice innocent Kaprun victims and survivors claims in this Court and appeals.

4. Further, Mr. Lowy and Mr. Perle have misrepresented to Your Honor and to named Defendants Robert Hantman and Hantman & Associates[1] certain matters in Notice of Removal as originally filed and statements made in the Case Information Statement.

5. Kaprun victims and survivors objected to Mr. Lowy's actions from Sept. – Oct. 2007, which led to the filing of the original complaint. Those communications contain confidential information and samples of them will be provided in support of Plaintiffs' Motion for Recusal, if such a Motion is necessary[2].

6. When Messrs. Lowy and Perle improperly disclosed the Confidential and Privileged Communications, certain Kaprun victims and survivors and I commenced an independent action against them in New York State Court entitled Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy Esq., International Law Group LLC, Florida Law Group LLC, Michael R. Perle Esq. and Michael R. Perle PC, Index # 07-115473 (filed November 19,

---

[1] I have obtained independent verification from Mr. Hantman that he was not informed of Messrs. Lowy and Perle's intention to disclose Confidential and Privileged Information, he did not agree with or believe that this matter relates to the Kaprun litigation. *Copies of communications between Mr. Hantman and me confirming this are being submitted for the Court's in camera inspection and should be sealed are marked as Exhibit 1.* Mr. Hantman and I have agreed that once this case is remanded to the State Court, where it belongs, he and his firm will be voluntarily dismissed.

[2] Under separate submission, Kaprun victims and survivor plaintiffs, their European and Japanese Cooperating Counsel and/or representatives and I are moving the Court in The Kaprun Cases for Relief Pursuant to FRCP 60 (b) (2) (3) and (6) – to vacate the Court's Aug. 16, 2007 Opinion & Order, and 28 USC §§ 144 and 455 – to have the Court disqualify itself, as well as pursuant to Local Rule 50.4. *A copy of the Pre-Motion Conference letter is attached as Exhibit 2.*

2007). The Summons and Complaint are out for service and it should be served within the next few days. *See a copy attached as Exhibit 3.*

7. The complaint is predicated upon negligence and malpractice, including unauthorized disclosures of confidential and privileged materials, with reckless disregard to the consequences and the damages caused to clients, former clients and persons to whom Messrs. Perle and Lowy and their firms owed duties of care. The causes of action are as follows: Count I - Negligence, Count II - Breach of Contract or Fiduciary Duty, Count III – Malpractice and Count IV – Injunction. *See Exhibit 3.*

8. Neither this Complaint, nor the newly filed Complaint belong in Federal Court and they certainly do not belong before Your Honor. And they certainly do not belong in front of any Judge who will ultimately be responsible for the adjudication of the future Motions and claims related to The Kaprun Cases.

9. The proofs and evidence that will be disclosed in support of these claims and which need to be considered by the Judge who presides over and ultimately hear the instant case, and who will direct the ultimate triers of fact, i.e. the jury, will require disclosure of additional Confidential, Attorney Client, Work Product, Settlement and Litigation documents as they relate to The Kaprun Cases, and which should never be reviewed by the Judge who presides over and ultimately hears the future Motions and Claims, and who will direct the ultimate triers of fact, i.e. the jury, in the Kaprun Cases.

3

10. Your Honor's acceptance of the instant action as "related" to The Kaprun Cases forms a part of the Motion for Your Honor to Recuse Yourself from both cases and from consideration on all Motions in these cases.

11. The need to seal and/or mark as *"Confidential - Attorneys Eyes Only"* is necessary to protect the innocent Kaprun victims and survivor plaintiffs whose cases continue in the District Court and the Court of Appeals and which can be prejudiced if Defendants in The Kaprun Cases were to be able to access these documents.

12. The request for a reasonable extension of time to file the Motions for Remand and the Motion for Recusal is appropriate and should be granted because it will serve to promote conservation of judicial economy and avoid what I respectfully submit will be unnecessary Motion practice that may in fact be obviated through the Pre-Motion Conferences and the Court's consideration of the separate submissions demonstrating the authority and need for the Court's recusal in The Kaprun Case.

13. For purposes of this Motion, and as set forth in *Exhibit 2*, the ones who are suffering as a result of Messrs. Lowy and Perle's actions are innocent Kaprun victims and survivors.

14. The evidence will show that Mr. Lowy misrepresented his authority to Your Honor from mid-September 2007 to present in relation to The Kaprun Case and then when his improper and unauthorized actions were discovered he embarked on a campaign to protect himself at the expense of the Kaprun victims and survivors. Those documents should only be submitted under seal after the Court has granted this Motion.

## STATEMENT OF AUTHORITY

15. The right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute.

16. In limited circumstances, courts must deny access to judicial documents — generally where open inspection may be used as a vehicle for improper purposes. *See, e.g., Nixon, 435 U.S. at 597, 98 S.Ct. at 1311-12 (citing to In re Caswell, 18 R.I. 835, 29 A. 259 (1893) (court can insure that its records are not used to promote public scandal), Schmedding v. May, 85 Mich. 1, 48 N.W. 201, 202 (1891) (court refused to permit its records to be used as sources of business information that might harm litigant's competitive standing).*

17. The public's right of access is *"not absolute"* and must be weighed against the litigants interest in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).*

18. The Court must determine the nature of the materials at issue, the legitimate private or public interest which warrants sealing, the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available. *See Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).*

19. The issues and facts related to this motion are extremely sensitive and should not be discussed in open court or in filings available to the public.

20. Public access to this information would be detrimental to innocent clients claims in The Kaprun Cases.

21. The Defendants in The Kaprun Cases are not entitled to see the documents that will be produced as it would be prejudicial to pending cases, resolution of motions and disposition of appeals.

22. The issues related to this Motion should be ruled upon quickly because the disposition of this Motion relates to and will impact the outcome of the pending motions, affects my ability to file the necessary Stipulations of Dismissal, file additional responses, replies, documents and evidence and other matters.

23. FRCP 16 provides the Court with broad authority upon which to convene a Conference to consider Movants' application.

24. The Notice of Removal was filed on November 13, 2007.

25. Pursuant to *28 USC § 1447 (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise . . . and . . . (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days.*

26. The time within which to move to remand expires on December 13, 2007.

27. There is good cause to remand the case to the State Court. The claims themselves are predicated on negligence or tortious interference or malpractice. Plaintiffs are not seeking to impose any criminal penalty and the interference with mail or the interception of electronic data was part of the wrongful state acts not Federal causes of action. In addition, the new claims show that the claims between me and Mr. Lowy and his firm belong in State Court and they certainly do not belong before this Court. The Court's accepting this case as being related

to The Kaprun Case demonstrates the Court's bias and prejudice and creates further conflicts and problems in and for The Kaprun Cases.

28. Pursuant to FRCP 6 (b) the Court may – for good cause shown - extend the time prescribed by the rule or statute so long as the request is made "before the expiration of the period originally prescribed".

29. The time within which to move to remand the Case expires on December 13, 2007, Plaintiffs' Motion and request for an extension of time and for other relief was made before the expiration of the time pursuant to Local Rule 6.1 (b) and in accordance with FRCP 6 (b).

30. This is the first request for an extension of time by Plaintiff and there is no prejudice to Defendants if the Court grants Plaintiffs' extension or the relief requested. On the contrary in light of the newly filed State Court action, and the issues raised in the Pre-Motion letter being submitted in relation to The Kaprun Case, the evidence as submitted by Defendant Hantman demonstrating the Messrs. Lowy and Perle's improper actions and unauthorized disclosures, the extension of time will promote judicial expedition and economy and avoids prejudice to the parties, counsel, the Court and innocent third parties in The Kaprun Case.

## CONCLUSION

31. For these reasons, Plaintiff requests the Court grant the Motion in its entirety.

Dated:    December 13, 2007         /s/ Edward D. Fagan (electronically signed)
          New York, NY                   Edward D. Fagan, Esq.

7