# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------- X | | |
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA<br>     ON NOVEMBER 11, 2000 | : | MDL # 1428 (SAS) |
| ------------------------------------------------------------- X | : | |

This document relates to the following cases:

------------------------------------------------------------- X

| | | | |
|---|---|---|---|
| BLAIMAUER , et al, | Plaintiffs, | : | |
|   - and - | | : | Civil Action # |
| | | : | 03–CV–8960 (SAS) |
| OMNIGLOW CORPORATION, et al | Defendants. | : | |
| ------------------------------------------------------------- X | | | |
| ------------------------------------------------------------- X | | | |
| GEIER , et al, | Plaintiffs, | : | |
|   - and - | | : | Civil Action # |
| | | : | 03–CV–8961 (SAS) |
| OMNIGLOW CORPORATION, et al | Defendants. | : | |
| -------------------------------------------------------------- X | | | |
| ------------------------------------------------------------- X | | | |
| MITSUMOTO, et al, | Plaintiffs, | : | |
|   - and - | | : | Civil Action # |
| | | : | 06–CV–2811 (SAS) |
| REPUBLIC OF AUSTRIA, et al | Defendants. | : | |
| -------------------------------------------------------------- X | | | |
| ------------------------------------=---------- X | | | |
| MITSUMOTO, et al, | Plaintiffs, | : | |
|   - and - | | : | Civil Action # |
| | | : | 07-CV-935 (SAS) |
| ROBERT BOSCH CORP., et al | Defendants. | : | |
| -------------------------------------------------------------- X | | | |
| -------------------------------------------------------------- X | | | |
| STADMAN, et al, | Plaintiffs, | : | |
|   - and - | | : | Civil Action # |
| | | : | 07-CV-3881 (SAS) |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al, | | : | |
| | Defendants. | : | |
| -------------------------------------------------------------- X | | | |
| -------------------------------------------------------------- X | | | |
| FERK, et al, | Plaintiffs, | : | |
|   - and - | | : | Civil Action # |
| | | : | 07-CV-4104 (SAS) |
| OMNIGLOW CORPORATION, et al, | Defendants | : | |
| --------------------------------------------------------- X | | | |
| -------------------------------------------------------------- X | | | |
| FAGAN, | Plaintiff, | : | |
|   - and - | | : | Civil Action # |
| | | : | 07-CV-10293 |
| LOWY, et al, | Defendants | : | |
| -------------------------------------------------------------- X | | | |

=================================================================

**MOTION (i) FOR RECONSIDERATION OF JANUARY 3, 2008 ORDER (entered on Jan. 11, 2008), (ii) TO SUPPLEMENT THE RECORD, (iii) FOR PRE-MOTION CONFERENCE PURSUANT TO FRCP 16 and (iv) FOR OTHER JUST AND EQUITABLE RELIEF**

=================================================================

**PLEASE TAKE NOTICE** that the below referenced Plaintiffs and Edward D. Fagan will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin, for, among other things:

(i)      For Reconsideration of Jan. 3, 2008 Order (entered on Jan. 11, 2008), pursuant to Local Rule 6.3 and FRCP 60 (b);

(ii)     For Expedited Pre-Motion Conference Pursuant to FRCP 16; and

(iii)    For such other relief as is just and equitable.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the Southern /Eastern Districts of New York

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiffs will rely upon Declarations / Affidavits of Edward D. Fagan, Dr. Bernd Geier and other persons who hold Valid Powers of Attorney in the Kaprun Cases[1] (as described in the Fagan Declaration) together with Exhibits attached thereto and Statement of Authorities as submitted by Edward Fagan, together with supporting Exhibits.

---

[1] Declarations from additional legal representatives of Plaintiffs will be submitted as they are received.

2

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District and/or at such other date as may be set by the Court.

Dated: 23 January 2008
New York, NY

/s  Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel. (646) 378-2225
Fax (646) 304-6446

- and -

Dr. Bernd Geier

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**MOTION (i) FOR RECONSIDERATION OF JANUARY 3, 2008 ORDER (entered on Jan. 11, 2008), (ii) TO SUPPLEMENT THE RECORD, (iii) FOR PRE-MOTION CONFERENCE PURSUANT TO FRCP 16 and (iv) FOR OTHER JUST AND EQUITABLE RELIEF**

to be electronically filed with the Clerk of the Court and served upon counsel of record.

A courtesy copy of the papers has been forwarded to the Honorable Shira A. Scheindlin, USDJ.

An additional copy is electronically, faxed and/or served and to Defendants' counsel of record.

Dated:  24 January 2008
          New York, NY

/s/ Edward D. Fagan (electronically signed)
        Edward D. Fagan, Esq.

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------- X
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA    :       MDL # 1428 (SAS)
        ON NOVEMBER 11, 2000               :
------------------------------------------------- X

This document relates to the following cases:
------------------------------------------------- X

BLAIMAUER , et al,              Plaintiffs,  :
        - and -                              :       Civil Action #
                                             :       03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al     Defendants.  :
------------------------------------------------- X
------------------------------------------------- X
GEIER , et al,                  Plaintiffs,  :
        - and -                              :       Civil Action #
                                             :       03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al     Defendants.  :
----------------------------------------------- X
----------------------------------------------- X
MITSUMOTO, et al,               Plaintiffs,  :
        - and -                              :       Civil Action #
                                             :       06–CV–2811 (SAS)
REPUBLIC OF AUSTRIA, et al      Defendants.  :
----------------------------------------------- X
-------------------------------------=--------- X
MITSUMOTO, et al,               Plaintiffs,  :
        - and -                              :       Civil Action #
                                             :       07-CV-935 (SAS)
ROBERT BOSCH CORP., et al       Defendants.  :
---------------------------------------------- X
---------------------------------------------- X
STADMAN, et al,                 Plaintiffs,  :
        - and -                              :       Civil Action #
                                             :       07-CV-3881 (SAS)
AUSTRIAN NATIONAL TOURIST OFFICE, et al,     :
                                Defendants.  :
--------------------------------------------- X
--------------------------------------------- X
FERK, et al,                    Plaintiffs,  :
        - and -                              :       Civil Action #
                                             :       07-CV-4104 (SAS)
OMNIGLOW CORPORATION, et al,    Defendants   :
------------------------------------------- X
------------------------------------------- X
FAGAN,                          Plaintiff,   :
        - and -                              :       Civil Action #
                                             :       07-CV-10293
LOWY, et al,                    Defendants   :
------------------------------------------- X
```

1

=====================================================================

**DECLARATION IN SUPPORT OF MOTION FOR (i) RECONSIDERATION OF JANUARY 3, 2008 ORDER (entered on Jan. 11, 2008), (ii) PRE-MOTION CONFERENCE PURSUANT TO FRCP 16 and (iii) FOR OTHER JUST AND EQUITABLE RELIEF**

=====================================================================

Edward D. Fagan, hereby declares and says the following:

1.  This Declaration in support of the Motion for Reconsideration in accordance with Local Rule 6.3 and to preserve our respective individual rights and the rights of persons for whom my colleagues and I who hold Valid Powers of Attorney in the Kaprun Cases.[1]  It is also submitted to protect my rights as they relate to Orders entered against me in the Kaprun Cases, or actions taken or delays caused by Judge Scheindlin in the case entitled Fagan v. Lowy et al 07-cv-10293, which Judge Scheindlin accepted and designated as a "related case" to the Kaprun Cases.

2.  The Motion is filed at a time when an Emergency Petition for Issuance of a Writ of Mandamus *(Exh. 1 – Docket Sheet 08-0327-op)* directed to the District Court and is not intended to be a substitute for that relief. However, the time within which to file a Motion for Rule 6.3 Reconsideration may expire before to the Court of Appeals rules upon the Petition and therefore this Motion is being filed.

3.  The Motion is predicated upon Your Honor's continued misrepresentations of fact either on the record and/or in Orders that Your Honor signed and caused to be distributed.

4.  The last of which was the Dec. 26, 2007 Order in the case entitled Fagan v. Lowy et al 07-cv-10293 *(See Exh. 2)*, which was incorporated into and referred in the Jan. 3, 2008 Order in the above referenced matters.  *(See Exh. 3)*.

5.  The caption that the Court put into its Dec. 26, 2007 was:

---

[1] I anticipate that additional legal representatives of Plaintiffs will submit Declarations and/or attest to the facts in this Declaration. These will be filed as supplements to this Declaration.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
Edward D. Fagan, Dr. Bernd Geier    :
and Dr. Gerhard Podovsovnik,        :
                     Plaintiffs    :       <u>ORDER</u>
                              :
- against –                          :
                              :    07 Civ. 10293
James F. Lowy, International         :
Law Group LLC, Robert J. Hantman    :
and Hantman & Associates,           :
                    Defendants    :
--------------------------------------------------X

6.  However, that is not the caption of the case. The case is Fagan v. Lowy et al 07-cv-

    10293 and Dr. Bernd Geier and Dr. Gerhard Podovsovnik are not Plaintiffs. *(See Exh. 4).*

7.  In the Dec. 26, 2007 Order, Judge Scheindlin stated:

> . . . *In light of my holding regarding Mr. Fagan's misconduct and <u>without
> having reviewed any submissions filed by either party in the above
> captioned action</u>, I hereby recuse myself sua sponte with respect to any
> future proceedings in this action pursuant to 28 USC 455 (a).*
>
>                                       *(See Exh. 2, emphasis added)*

8.  The Dec. 26, 2007 Order did not explain why Judge Scheindlin recused herself in a case

    that she accepted as being related to the instant cases on December 5, 2007 *(See Exh. 4)*

    but not all related cases.

9.  The basis for Judge Scheindlin's recusal was only explained in the Jan. 3, 2008 Order,

    where Judge Scheindlin again referred to the case in which she recused herself – *sua*

    *sponte* – as Fagan v. Lowy et al case, as *"Edward D. Fagan, Dr. Bernd Geier and Dr.*

    *Gerhard Podovsovnik v. James F. Lowy, International Law Group LLC, Robert J.*

    *Hantman and Hantman & Associates 07 Civ. 10293"* and states that:

> "<u>because the Court . . . disqualified Edward D. Fagan</u> from appearing as
> counsel in the In Re: Ski Train Fire in Kaprun Austria on November 11,
> 2000 (Ski Train) cases, <u>and sanctioned him for his pattern of unethical</u>

                                                      3

*conduct, the Court found it appropriate to recuse itself from the suit in which Mr. Fagan himself is a party.*"   *(See Exh. 3, emphasis added)*

10. Judge Scheindlin's conduct in the last weeks is a continuation of a pattern of bias and prejudice that started in April 2007 and has continued to cause damage to the Kaprun victims and survivors claims and to Ed Fagan personally and professionally.

11. On April 24, 2007, Judge Scheindlin failed to disclose the extra-judicial contact with Dr. Johannes Stieldorf and then misrepresented the fact that such an extra-judicial contact occurred.  *(See Exh. 5).*

12. On June 6, 2007, Judge Scheindlin had an ex-parte telephone conversation with an Omniglow former employee.  *(See Exh. 6).*

13. From June 18 – 21, 2007, Judge Scheindlin misrepresented what requests for information were made of Plaintiffs and Ed Fagan and attempted to conceal the fact that the question about potential time bars to re-filing in Austria was ever asked.  *(See Exh. 7 – 8).*

14. In July 2007, Judge Scheindlin claimed that the Declarations of Bias were allegedly "untimely" and/or defective because they were not filed by Plaintiffs or Plaintiffs' legal representatives. *(See Exh. 9).*

15. In the October 24, 2007 Order, Judge Scheindlin misrepresented and/or attempted to conceal the fact that she received letters from the legal representatives of Plaintiffs in compliance with her Aug. 16, 2007 Order.  *(See Exh. 10 – 13).*

16. On Dec. 26, 2007, Judge Scheindlin stated unequivocally that she recused herself "sua sponte" and without having reviewed *"... without having reviewed any submissions filed by either party in the above captioned action".*   *(See Exh. 2).*

17. Such a statement demonstrates Judge Scheindlin's bias and the efforts to which she will go to prevent the Plaintiffs and Ed Fagan from getting expedited relief to preserve

4

evidence, enforce violations of evidence preservation Orders and a reversal of all Orders entered by her in this case from June 19, 2007 forward.

18. The phrase "sua sponte" as defined in the online legal dictionary service www.law.com is as follows:

   *(sooh-uh spahn-tay) adj. Latin for "of one's own will," meaning on one's own volition, usually referring to a judge's order made without a request by any party to the case. These include an order transferring a case to another judge due to a conflict of interest or the judge's determination that his/her court does not have jurisdiction over the case.*      *(See Exh. 14).*

19. The unfortunate, yet irrefutable, facts are: Judge Scheindlin's recusal in Fagan v. Lowy et al case 07-cv-10293 was not *sua sponte* and it only came after a review of papers submitted and filed by either Mr. Lowy in the Notice of Removal or by Ed Fagan in the Motion to Compel the Court to recuse itself.

20. Here is why:  If in fact Judge Scheindlin recused herself "*. . . without having reviewed any submissions filed by either party in the above captioned action*" , then Judge Scheindlin would not have known of the existence and/or references to Dr. Bernd Geier or Dr. Gerhard Podovsovnik in:

   a.  Declarations attached to or referenced in support of the Motion to Recuse and for other relief filed by Plaintiffs and Ed Fagan *(See Exh. 15)*;

   b.  Declarations by Dr. Bernd Geier and Dr. Gerhard Podovsovnik and Confidential Communications attached to or referenced in the Notice of Removal filed by James F. Lowy Esq. *(See Exh. 16)*; or

   c.  The complaint filed in New York State Court - after the Notice of Removal - in which the plaintiffs were Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy and International Law Group.

5

21. However, contrary to the express language of the Order, upon which Judge Scheindlin predicated her refusal to recuse herself in these cases, Judge Scheindlin did in fact review pleadings, attachments and submissions in the Notice of Removal, including Confidential and Privileged information that warranted her immediate recusal from all Kaprun related cases, and as well as the Motion and Supporting Affidavit that specified the reasons for that required her immediate recusal from all Kaprun related cases.

22. One need only to look at par. 6 of the Dec. 13, 2007 Motion *(See Exh. 15)* which document, according to her Dec. 26, 2007 Order, that Judge Scheindlin says she *"did not review"* for the proof of the Court's ongoing bias that supports immediate recusal, which states in pertinent part:

> *6. When Messrs. Lowy and Perle improperly disclosed the Confidential and Privileged Communications, certain Kaprun victims and survivors and I commenced an independent action against them in New York State Court entitled Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy Esq., International Law Group LLC, Florida Law Group LLC, Michael R. Perle Esq. and Michael R. Perle PC, Index # 07-115473 (filed November 19, 2007). The Summons and Complaint are out for service and it should be served within the next few days. See a copy attached as Exhibit 3.*

23. The only case in which the plaintiffs are identified as *"Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik"* is the New York State Court Case that was referenced in the Motion that was filed on December 13, 2007 which is one of the submissions Judge Scheindlin says she *"did not review"* and is in a case that is not before her. And, there is no case that has been filed by Messrs. Fagan, Geier and Podovsovnik against Robert Hantman and/or Hantman & Associates.

6

24. The caption in the Notice of Removal was *"Edward D. Fagan, Plaintiff v. James F. Lowy, International Law Group LLC, Robert F. Hantman and Hantman & Associates, Defendants - 07-cv-10293".  (See Exh. 16).*

25. The Docket in the District Court for Case # 07-cv-10293 is *"Edward D. Fagan, Plaintiff v. James F. Lowy, International Law Group LLC, Robert F. Hantman and Hantman & Associates, Defendants".  (See Exh. 4).*

26. The caption in the alleged "sua sponte" recusal Order of Dec. 26, 2007 which was issued allegedly without having reviewed any pleadings or submissions by the parties was *"Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik, Plaintiffs v. James F. Lowy, International Law Group LLC, Robert Hantman and Hantman & Associates, Defendants".  (See Exh. 2).*

27. The caption referenced in Jan. 3, 2008 Order in which the Court refused to recuse itself on the basis of Section 455 (a) was again *"Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik, Plaintiffs v. James F. Lowy, International Law Group LLC, Robert Hantman and Hantman & Associates, Defendants, 07-Civ-10293".  (See Exh. 2).*

28. Judge Scheindlin's statement that she recused herself *"sua sponte (and) . . . without having reviewed any submissions filed by either party in the above captioned action"* – simply cannot and should not stand and must be challenged.  It demonstrates the type of bias, prejudice and inappropriate conduct of which we have complained for months and which continues to cause Kaprun victims, survivors, their families and even the undersigned ongoing damages.

29. The record in this case needs to be immediately supplemented so Plaintiffs and Ed Fagan can gather records and/or documents to demonstrate that the Court's Orders since June 2007 and/or refusal to allow Plaintiffs to take any other action in the District Court,

without specific direction from the Court of Appeals, (i) constitute errors of fact and law, (ii) demonstrate bias and prejudice and/or abuse of discretion, and (iii) unfairly prejudiced, have caused and continue to cause damage to Plaintiffs, Plaintiffs' claims and Ed Fagan.

## Rule 6.3

30. Local Rule 6.3 provides that *"a notice of motion for reconsideration . . . shall be served within ten (10) days after the entry of the Court's determination . . . or within ten (10) days after the entry of the judgment."*

31. FRCP Rule 6 provides that *"in computing any period of time prescribed or allowed . . . by the local rules of any district court . . . the last day of the period (excludes) a legal holiday . . . and when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."*

32. The 3 Jan. 2008 Order was entered on 11 Jan. 2008.

## Request for Hearing to Supplement and Clarify the Record

33. Plaintiffs call the Court's attention to Davis v. Musler 713 F.2d 907, 913 (2d Cir. 1983) in which the 2nd Circuit explained that *"a denial of a motion without a hearing to supplement and clarify the Record constituted an abuse of discretion."*

34. Since August 2007, the Court has refused every request made by Ed Fagan and/or Plaintiffs for a Conference or Hearing, so that a proper record could be made in the event the matter had to go to the Court of Appeals.

35. Plaintiffs and Edward Fagan again respectfully request that the Court schedule such a Conference at its earliest convenience so that at a minimum a proper record can be made for either the Mandamus or the Appeals, or both.

8

**Authority for Recusal**

36.  The authority for Judge Scheindlin's immediate recusal is contained in the Dec. 13, 2007 letter, the Jan. 2, 2008 letter, the Jan. 4, 2008 letter and the Petition for Writ of Mandamus and incorporated herein by reference.  *(See Exh. 17 - 20, respectively).*

37.  The need for recusal is only compounded by the Court's unequivocal statement that *"sua sponte (and) . . . without having reviewed any submissions filed by either party in the above captioned action"* ", when in fact the objective facts show something entirely different to be the case.

**Conclusion**

38.  In view of the foregoing, Plaintiffs request the Court grant the relief sought in the Motion in its Entirety or at a minimum schedule a Conference at which a proper record can be made for the Court of Appeals.

**DECLARATION UNDER 28 USC § 1746**

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: 23 January 2008
New York, NY

Edward D. Fagan

9

# EXHIBIT   1

http://pacer.ca2.uscourts.gov/cgi-bin/dktrpt.pl?CASENUM=08-0327&puid=01201179334

Home    PACER    Opinions

Help

# General Docket
# US Court of Appeals for the Second Circuit

Second Circuit Court of
Appeals

Court of Appeals Docket #:    08-0327-op    Filed  1/17/08

Nsuit :    OPEN

In Re: Kaprun Foreign Victims and Survivors,
Heirs and Family Representative v.    INDIV

Appeal    SDNY (NEW YORK CITY)
from:

Case type information:

    Original Proceeding

    Extraordinary

    None

Lower court information:

District:    01-md-1428

Trial Judge:    Shira A. Scheindlin

MagJudge:    Theodore H. Katz

Date Filed:

Date order/judgement:

Date NOA filed:

Fee status: Paid

Panel Assignment:

Panel:

Date of decision:

Prior cases: NONE

Current cases NONE

Official Caption 1/
☐

                                                          INDIV

                                                          OPEN

In Re: Kaprun Foreign Victims and Survivors
Heirs and Family Representatives,

Petitioners.

─────────────────────────

Docket No. [s] : 08-0327 -op
Rudolf Kern, Individually and on behalf of the Estate
of Erich Kern, Angela Kern, Individually and on behalf
of the Estate of Erich Kern, John S. Habblett LTC, LTC
, Individually on behalf of te Estates of Jennifer
Kirkpatrick Habblett Goodridge, Michael Jonclair
Goodridge and Kyle William Goodridge, Suzanne K.
Habblett, Individually on behalf of te Estates of
Jennifer Kirkpatrick Habblett Goodridge, Michael
Jonclair Goodridge and Kyle William Goodridge, Dick
Baker, Individually and on behalf of the Estate of
Carrie Lynn Baker, Carol Baker, Individually and on
behalf of the Estate of Carrie Lynn Baker, Claire
Goodridge, individually as surviving father and as
personal representative of the estate of Maj. Michael
Chair Goodridge, deceased, and individually as surviving,
Karen Filkil, Masatoshi Mitsumoto,

                                Petitioners,

                                Petitioners,

v.

Leitner Lifts USA Inc., Oesterreichische
Elektrizitatswirtschafts AG, Siemens AG, doing business
as Siemens Corporation, Siemens AG Oesterreich,
Heitkamp, Inc., Bosch Rexroth AG, Bosch Rexroth
Corporation, Siemens Corporation, Wika Alexander
Wiegland GMBH & Co. KG, Robert Bosch Corporation,
Hydac Technology Corp., Siemens Transportation Systems,
Inc., Wika Instrument Corporation, Gletscherbahnen
Kaprun Aktiengesellschaft,

Respondents,

Leitner S.p.A., Waagner Biro AG, Swoboda Karosserie AG,
Bauberdarfszentrum Stadlbauer AG, ABC Corporations
1-10, John Does 1 through 10, Swoboda Karosserie-Und
Stahlbau GmbH, Verbund-Austrian Hydro Power AG,
sucessor in interest to Tauernkraftewerke AG, Tauren
Touristik GmbH, Thyssenkrupp AG, Intersport Austria
GmbH, Intersport International Corporation, Intersport
Marketing USA,

Defendants.

------------------------------

Authorized Abbreviated Caption 2/
------------------------------
Docket No. [s] : 08-0327 -op
------------------------------
In Re: Ski Train Fire   v.
------------------------------

□

Docket as of   January 22, 2008   9:58 pm    Page   2    INDIV

1/ Fed. R. App. P. Rule 12 [a] and 32 [a].
2/ For use on correspondence and motions only.

Docket as of    January 22, 2008    9:58 pm    Page  3

☐                                                           INDIV

                                                            OPEN

ABC Corporations 1-10                                       OPEN

Defendant

Bauberdarfszentrum Stadlbauer
AG
Defendant

Intersport Austria GmbH

Defendant

Intersport International
Corporation
Defendant

Intersport Marketing USA

Defendant

John Does 1 through 10

Defendant

Docket as of    January 22, 2008    9:58 pm    Page  4

☐                                                           INDIV

                                                            OPEN

Leitner S.p.A.

Defendant

Swoboda Karosserie AG

Defendant

Swoboda Karosserie-Und
Stahlbau GmbH
Defendant

Tauren Touristik Gmbh

Defendant

Thyssenkrupp AG

Defendant

Verbund-Austrian Hydro Power
AG
Defendant

Wagner Biro AG
Defendant

Docket as of    January 22, 2008    9:58 pm    Page 5

☐                                                      INDTV

                                                      OPEN

Defendant

Bosch Rexroth Corporation    Arnd N. Waldow Esq.

Respondent                    [ LD ret ]
                              Reed Smith

                              435 Sixth Avenue
                              Pittsburg , PA , 15219

                              412.288.7242

Robert Bosch Corporation     Arnd N. Waldow Esq.(See above)

Respondent                    [ LD ret ]

USCA2 Docket Sheet for 08-0327

Docket as of    January 22, 2008    9:58 pm    Page    6

☐    INDIV

    OPEN

Petitioner    Angela    Kern    Edward Davis Fagan Esq.

[ LD ret ]
Fagan & Associates
5 Penn Plaza
New York , NY , 10001

Respondent    Siemens Transportation
Systems, Inc.    Brant W. Bishop Esq.(See above)

[ LD ret ]

Respondent    Siemens Corporation    Brant W. Bishop Esq.(See above)

[ LD ret ]

Respondent    Siemens AG Oesterreich    Brant W. Bishop Esq.(See above)

[ LD ret ]

202-879-5000

Respondent    Siemens AG    Brant W. Bishop Esq.

[ LD ret ]
Kirkland & Ellis LLP
655 15th St., N.W.
Washington , DC , 20005

Respondent    Bosch Rexroth AG    Arthur J. Liederman Esq.

[ LD n ]
Morrison, Mahoney & Miller
17 State St.
New York , NY , 10004

212-825-1212

646-378-2225

| Carol Baker | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

Docket as of    January 22, 2008    9:58 pm    Page    7

□    INDIV

OPEN

| Dick Baker | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

| John S. Habblett | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

| Karen Filkil | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

| Masatoshi Mitsumoto | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

| Rudolf Kern | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

| Suzanne K. Habblett | Edward Davis Fagan Esq.(See |
| Petitioner | above) |
| | [ LD ret ] |

Docket as of    January 22, 2008    9:58 pm    Page    8

□    INDIV

OPEN

| Wika Alexander Wiegland GMBH | Eileen T. McCabe Esq. |
| & Co. KG | |

Respondent

[ LD ret ]
Mendes & Mount

750 7th Ave.
New York , NY , 10019

212-261-8283

Wika Instrument Corporation     Eileen T. McCabe Esq.(See above)

Respondent                      [ LD ret ]

Heitkamp, Inc.                  Herbert  Rubin Esq.

Respondent                      [ LD ret ]
                                Herzfeld & Rubin

                                40 Wall St.
                                New York , NY , 10005

                                212-471-8500

Claire  Goodridge               Kenneth P. Nolan Esq.

Petitioner                      [ LD ret ]
                                Speiser Krause Nolan & Granito

                                140 E. 45th St. 2 Grand Central
                                New York , NY , 10017

                                212-661-0011

Leitner Lifts USA Inc.          Kim M. Catullo Esq.

Respondent                      [ LD ret ]
                                Gibbons Del Deo, Dolan,
                                Griffinger & Vecchione

Docket as of    January 22, 2008    9:58 pm    Page   9

☐                                                       INDIV

                                                        OPEN

1 Penn Plaza

New York, NY, 10119

212-649-4700

Hydac Technology Corp.
Respondent

Nancy Ledy-Gurren Esq.
[ LD ret ]
Ledy-Gurren & Blumenstock
475 Park Ave. S.
New York, NY, 10016
212-447-1111

Osterreichische
Elektrizitatswirtschafts AG
Respondent

Osterreichische
Elektrizitatswirtschafts AG
n/a
Gibbons Del Deo, Dolan,
Griffinger & Vecchione
1 Penn Plaza
New York, NY, 10119

Gletscherbahnen Kaprun
Aktiengesellschaft
Respondent

Robert A. Weiner Esq.
[ LD ret ]
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY, 10017
212.547.5400

Docket as of    January 22, 2008    9:58 pm       Page 10

☐                                                  OPEN  INDIV

1/17/08    Case Docketed: Petition for Writ of Mandamus
           on behalf of PETITIONER   Angela Kern,
           Carol Baker,  Dick Baker,  John Habblett,
           Et Al., filed, with proof of service.
           [Entry date Jan 18 2008 ]  [MR]

1/18/08    Note PRIOR case number(s): 07-0959-cv.

http://pacer.ca2.uscourts.gov/cgi-bin/dktrp.pl?CASENUM=08-0327&pid=01201179334

http://pacer.ca2.uscourts.gov/cgi-bin/dktrpt.pl/?CASENUM=08-0327&puid=01201179334

[Entry date Jan 18 2008 ] [MR]

1/18/08  Note RELATED case number(s):07-4121-cv,
07-5317-cv.  [Entry date Jan 18 2008 ]
[MR]

1/18/08  Copy of receipt re: payment of docketing fee
filed on behalf of PETITIONER Angela Kern,
Carol Baker, Dick Baker, John Hablett,
ET AL . RECEIPT #2 191502.  [Entry date
Jan 18 2008 ] [MR]

Docket as of   January 22, 2008   9:58 pm                    Page   11

**PACER Service Center**

Transaction Receipt

01/24/2008 07:51:22

| PACER Login: | ef0762 | Client Code: | |
| Description: | dkt report | Case Number: | 08-0327 |
| Billable Pages: | 10 | Cost: | 0.80 |

# EXHIBIT  2

**From:** NYSD_ECF_Pool@nysd.uscourts.gov
**To:** deadmail@nysd.uscourts.gov
**Subject:** Activity in Case 1:07-cv-10293-SAS Edward D. Fagan, Esq. v. James F. Lowy, Esq. et al Order
**Date:** Wed, 2 Jan 2008 1:56 pm

---

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 1/2/2008 at 1:54 PM EST and filed on 12/28/2007
**Case Name:**     Edward D. Fagan, Esq. v. James F. Lowy, Esq. et al
**Case Number:**    1:07-cv-10293
**Filer:**
**Document Number:** 7(No document attached)

**Docket Text:**
**ORDER that I hereby recuse myself sua sponte with respect to any future proceedings in this action pursuant to 28 USC 455(a). A stay of all proceedings is ordered pending reassignment of this matter. The Clerk of the Court is directed to reassign this action, and to refer all further proceedings to the Judge to whom this action shall be reassigned. (Signed by Judge Shira A. Scheindlin on 12/26/07) (dle)**


**1:07-cv-10293 Notice has been electronically mailed to:**

Edward Davis Fagan    faganlawintl@aim.com

Michael Richard Perle    m.perle@earthlink.net

Robert J Hantman    hantmanrj@aol.com

**1:07-cv-10293 Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

EDWARD D. FAGAN, DR. BERND
GEIER, and DR. GERHARD
PODOVSOVNIK,

                Plaintiffs,

    - against -

JAMES F. LOWY, INTERNATIONAL
LAW GROUP, LLC, ROBERT J.
HANTMAN, and HANTMAN &
ASSOCIATES,

                Defendants.

------------------------------------------------------X

**ORDER**

07 Civ. 10293

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    By Opinion and Order dated August 16, 2007, this Court disqualified

Edward D. Fagan from further participation on behalf of plaintiffs in a number of

actions related to the above-captioned case. In so holding, I found that Mr. Fagan

had "engaged in a pattern of unethical behavior" that warranted his

disqualification as well as the imposition of sanctions.[1] In light of my holding

regarding Mr. Fagan's misconduct and without having reviewed any submissions

filed by any party in the above-captioned action, I hereby recuse myself sua sponte

with respect to any future proceedings in this action pursuant to 28 U.S.C. §

---

    [1]   *See In re Ski Train Fire in Kaprun Austria on November 11, 2000,*
Nos. 01 MDL 1428, 03 Civ. 8960, 03 Civ. 8961, 06 Civ. 2811, 07 Civ. 935, 07
Civ. 3881, 07 Civ. 4104, 2007 WL 2398697, at *3 (S.D.N.Y. Aug. 16, 2007).

455(a). A stay of all proceedings is ordered pending reassignment of this matter.

The Clerk of the Court is directed to reassign this action, and to refer all further

proceedings to the Judge to whom this action shall be reassigned.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        December 26, 2007

- Appearances -

**For Plaintiffs:**

Edward D. Fagan, Esq.
Five Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225

**For Defendants James F. Lowy and International Law Group, LLC:**

Michael Richard Perle, Esq.
Michael R. Perle, P.C.
1265 Paterson Plank Road
Secaucus, NJ 07094
(212) 864-0423
Fax: (201) 617-5500

**For Defendants Robert J. Hantman and Hantman & Associates:**

Robert J. Hantman, Esq.
Hantman & Associates
1414 Avenue of the Americas
Suite 406
New York, NY 10016
(212) 684-3933
Fax: (212) 684-0920

# EXHIBIT   3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CHAMBERS OF JUDGE SHIRA A. SCHEINDLIN
NEW YORK, NEW YORK  10007
Telephone (212) 805-0246
Telefax  (212) 805-7920

## FACSIMILE COVER SHEET

The information contained in this facsimile message is intended only for the use of
the individual or entity named below.  If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it to the
intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify us by telephone, and return the
original message to us at the above address via the U.S. Postal Service.

ADDRESSEE: _Edward D. Fagan_

ADDRESSEE FACSIMILE TELEPHONE NUMBER: _(646) 304-6446_

NAME OF COMPANY: _____

COMPANY TELEPHONE NUMBER: _____

CITY AND STATE: _5 Penn Plaza, NY N.Y_

DATE TRANSMITTED: _____  TIME TRANSMITTED: _____

SENDER/NAME: _JUDGE SHIRA A. SCHEINDLIN_

OPERATOR: _Connie Daughtry_

CASE NAME: _Blaimauer, et al. v. Oswitgloe_

DOCKET NUMBER: _MDC 1428_

NUMBER OF PAGES Including Cover Sheet: _7_

## IMPORTANT!

MESSAGE: **PLEASE DELIVER IMMEDIATELY!**

_____ Original will NOT follow    _____ Original WILL follow

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
IN RE:  SKI TRAIN FIRE IN KAPRUN    :
AUSTRIA ON NOVEMBER 11, 2000    :              MDL # 1428 (SAS)
--------------------------------------------------X
This document relates to the following actions:
--------------------------------------------------X
JOHANN BLAIMAUER, et al.,                       :              ORDER

                          Plaintiffs,           :

                                                :

    - against -                                 :

                                                :              03-CV-8960 (SAS)
OMNIGLOW CORPORATION, et al.,                   :

                          Defendants.           :
--------------------------------------------------X
--------------------------------------------------X
HERMAN GEIER, et al.,                           :

                          Plaintiffs,           :

                                                :

    - against -                                 :

                                                :              03-CV-8961 (SAS)
OMNIGLOW CORPORATION, et al.,                   :

                          Defendants.           :
--------------------------------------------------X
--------------------------------------------------X
NANAE MITSUMOTO, et al.,                        :

                          Plaintiffs,           :

                                                :

    - against -                                 :              06-CV-2811 (SAS)
                                                :
THE REPUBLIC OF AUSTRIA, et al.,                :

                                                :

                          Defendants.           :
--------------------------------------------------X

1

```
------------------------------------------X
NANAE MITSUMOTO, et al.,                  :
                                          :
               Plaintiffs,                :
                                          :
          - against -                     :        07–CV–935 (SAS)
                                          :
ROBERT BOSCH                              :
CORPORATION, et al.,                      :
                                          :
               Defendants.                :
------------------------------------------X
------------------------------------------X
JOOP H. STADMAN, et al.,                  :
                                          :
               Plaintiffs,                :
                                          :
          - against -                     :        07–CV–3881 (SAS)
                                          :
AUSTRIAN NATIONAL TOURIST                 :
OFFICE INC., et al.,                      :
                                          :
               Defendants.                :
------------------------------------------X
------------------------------------------X
RASTKO and DRAGICA FERK, et al.,          :
                                          :
               Plaintiffs,                :
                                          :
          - against -                     :        07–CV–4104 (SAS)
                                          :
OMNIGLOW CORPORATION, et al.,             :
                                          :
               Defendants.                :
------------------------------------------X
```

SHIRA A. SCHEINDLIN, U.S.D.J.:

By Order dated December 26, 2007 (the "December 26 Order"), this

Court recused itself sua sponte with respect to any future proceedings in the action

2

captioned *Edward D. Fagan, Dr. Bernd Geier, and Dr. Gerhard Podovsovnik v. James F. Lowy, International Law Group, LLC, Robert J. Hantman, and Hantman & Associates*, 07 Civ. 10293, pursuant to 28 U.S.C. § 455(a).  Because the Court had previously disqualified Edward D. Fagan from appearing as counsel in the *In re Ski Train Fire in Kaprun Austria on November 11, 2000 ("Ski Train")* cases and sanctioned him for his pattern of unethical conduct,[1] the Court found it appropriate to recuse itself from the suit in which Mr. Fagan himself is a *party*. The December 26 Order, however, takes no action with respect to the *Ski Train* cases, in which Mr. Fagan no longer appears as counsel on behalf of any party.  To the extent Mr. Fagan's letter to the Court, dated January 2, 2008, renews his motion to recuse this Court in the *Ski Train* cases, that motion is again denied for all of the reasons previously stated.[2]

Additionally, in violation of section I.B. of the Court's Individual Rules and Procedures, Mr. Fagan has routinely transmitted lengthy correspondence to the Court without obtaining prior approval.[3]  Because Mr. Fagan no longer appears before the Court in any action either as a party or as

---

[1]    *See In re Ski Train Fire in Kaprun Austria on November 11, 2000*, Nos. 01 MDL 1428, 03 Civ. 8960, 03 Civ. 8961, 06 Civ. 2811, 07 Civ. 935, 07 Civ. 3881, 07 Civ. 4104, 2007 WL 2398697, at *3 (S.D.N.Y. Aug. 16, 2007).

[2]    *See* 8/28/07 Order.  *See also* 12/20/07 Order.

[3]    *See* 10/31/05 Individual Rules and Procedures of Judge Shira A. Scheindlin, § I.B.

3

JAN-04-2008  12:38

counsel, he is not to make any further motions or direct any further correspondence to this Court. Mr. Fagan has repeatedly moved to recuse this Court in the *Ski Train* cases. He has also repeatedly moved for reconsideration of this Court's previous Orders in the *Ski Train* cases. Each time, his motions have been denied. Any further motions seeking the same relief will be frivolous. Mr. Fagan's remedy, if any, lies with the Court of Appeals. A violation of this Order may warrant the imposition of sanctions.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        January 3, 2008

4

## - Appearances -

Edward D. Fagan, Esq.
Five Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225

James F. Lowy, Esq.
International Law Group, LLC
3907 Henderson Blvd., Ste. 200
Tampa, FL 33629
(813) 282-0384

*For Defendant Bosch Rexroth Corp., Robert Bosch Corp.:*

Neil Rosolinsky, Esq.
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022
(212) 549-0391

*For Defendant Siemens Transportation Systems, Inc. and as Liaison Counsel for all Defendants:*

Brant W. Bishop, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Ryan M. Morettini, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

Robert W. Littleton, Esq.
Littleton Joyce Ughetta & Park LLP

5

39 Broadway, 34th Floor
New York, NY 10006
(212) 404-5777

*For Defendant Wika Instrument Corp.:*

Eileen T. McCabe, Esq.
Stephen Roberts, Esq.
William Lalor, Esq.
Mendes & Mount LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

*For Defendant Hydac Technology Corp.:*

Nancy Ledy-Gurren, Esq.
Ledy-Gurren, Bass & Siff LLP
475 Park Avenue South
New York, NY 10016
(212) 447-1111

*For Defendants American Cyanamid Inc. and Omniglow Corp.:*

E. Gordon Haesloop, Esq.
Bartlett McDonough, Bastone & Monaghan LLP
300 Old Country Road
Mineola, NY 11501
(516) 877-2900

*For Defendant Exxon Mobil:*

John F. Tully, Esq.
Robert Owen, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103
(212) 318-3000

# EXHIBIT  4

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?923981243787765-L_889_0-1

RELATED

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-10293-SAS

| | |
|---|---|
| Edward D. Fagan, Esq. v. James F. Lowy, Esq. et al | Date Filed: 11/13/2007 |
| Assigned to: Judge Shira A. Scheindlin | Jury Demand: None |
| Demand: $5,000,000 | Nature of Suit: 890 Other Statutory Actions |
| Related Case: 1:01-md-01428-SAS-THK | Jurisdiction: Federal Question |
| Case in other court: Supreme Court-County of New York, 114562-07 | |
| Cause: 28:1442 Notice of Removal | |

**Plaintiff**

**Edward D. Fagan, Esq.**                represented by **Edward Davis Fagan**
Edward D. Fagan, Esq.,
Regus Worldwide Office Centers
Five Penn Plaza
23rd Floor
New York, NY 10001
(646) 378-2225
Fax: (646) 417-5558
Email: faganlawintl@aim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**James F. Lowy, Esq.**                  represented by **Michael Richard Perle**
Michael R. Perle, PC
1265 Paterson Plank Road
Secaucus, NJ 07094
(212) 864-0423
Fax: (201)-617-5500

1/24/08 8:02 AM

SDNY CM/ECF Version 3.1.1

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?923981243787765-L_889_0-1

Email: m.perle@earthlink.net
*ATTORNEY TO BE NOTICED*

**Defendant**
**International Law Group, LLC**                                represented by  **Michael Richard Perle**
                                                                                (See above for address)
                                                                                *ATTORNEY TO BE NOTICED*

**Defendant**
**Robert Hantman, Esq.**                                       represented by  **Robert J Hantman**
                                                                                Hantman & Associates
                                                                                1414 Avenue of the Americas
                                                                                Suite 406
                                                                                New York, NY 10016
                                                                                (212) 684-3933
                                                                                Fax: (212) 684-0920
                                                                                Email: hantmanrj@aol.com
                                                                                *ATTORNEY TO BE NOTICED*

**Defendant**
**Hantman & Associates**                                       represented by  **Robert J Hantman**
                                                                                (See above for address)
                                                                                *ATTORNEY TO BE NOTICED*

**Defendant**
**John Does**
*1-5*

**Defendant**
**Jane Does**
*1-5*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/13/2007 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 114562-07. (Filing Fee $ 350.00, Receipt Number 632480).Document filed by James F. Lowy, Esq., International Law Group, LLC, Robert Hantman, Esq., Hantman & Associates.(mbe) (Entered: 11/16/2007) |

SDNY CM/ECF Version 3.1.1

| | | |
|---|---|---|
| 11/13/2007 | | CASE REFERRED TO Judge Shira A. Scheindlin as possibly related to 1:01MDL1428. (mbe) (Entered: 11/16/2007) |
| 11/13/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by James F. Lowy, Esq., International Law Group, LLC, Robert Hantman, Esq., Hantman & Associates.(mbe) (Entered: 11/16/2007) |
| 11/26/2007 | 3 | NOTICE OF APPEARANCE by Edward Davis Fagan on behalf of Edward D. Fagan, Esq. (Fagan, Edward) (Entered: 11/26/2007) |
| 11/29/2007 | | CASE ACCEPTED AS RELATED. Create association to 1:01-md-01428-SAS-THK. Notice of Assignment to follow. (laq) (Entered: 12/05/2007) |
| 11/29/2007 | 4 | NOTICE OF CASE ASSIGNMENT to Judge Shira A. Scheindlin. Judge Unassigned is no longer assigned to the case. (laq) (Entered: 12/05/2007) |
| 11/29/2007 | | Magistrate Judge Theodore H. Katz is so designated. (laq) (Entered: 12/05/2007) |
| 12/05/2007 | | Mailed notice to the attorney(s) of record. (laq) (Entered: 12/05/2007) |
| 12/13/2007 | 5 | MOTION for Extension of Time *and Motion to Seal and for Other Relief.* Document filed by Edward D. Fagan, Esq..(Fagan, Edward) (Entered: 12/13/2007) |
| 12/13/2007 | 6 | NOTICE of Exhibits to Motion to Seal and For Other Relief re: 5 MOTION for Extension of Time *and Motion to Seal and for Other Relief.*. Document filed by Edward D. Fagan, Esq.. (Attachments: # 1 Exhibit 2 to Motion, # 2 Exhibit 3 to Motion)(Fagan, Edward) (Entered: 12/13/2007) |
| 12/28/2007 | 7 | ORDER that I hereby recuse myself sua sponte with respect to any future proceedings in this action pursuant to 28 USC 455(a). A stay of all proceedings is ordered pending reassignment of this matter. The Clerk of the Court is directed to reassign this action, and to refer all further proceedings to the Judge to whom this action shall be reassigned. (Signed by Judge Shira A. Scheindlin on 12/26/07) (dle) (Entered: 01/02/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/24/2008 08:02:44 | | |
| PACER Login: | ef0762 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:07-cv-10293-SAS |

SDNY CM/ECF Version 3.1.1

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?923981243787765-L_889_0-1

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|

EXHIBIT   5

RECHTSANWALT

# DR. JOHANNES STIELDORF

A-1010 Wien, Nibelungengasse 1-3
Tel: +43-(0)1-587 62 14 / 0   Fax: DW 16
e-mail: office@stieldorf.at
Konto:
Bank Austria Creditanstalt AG
0043-46657/01 (BLZ 12000)
ADVM: R106218

_Via Hand Delivery_
Her Honor Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY   10007

24th April, 2007

Re:    Ski Train Fire in Kaprun, MDL # 1428 (SAS);
       Blaimauer / Mitsumoto et al v. Omniglow et al, 03-CV-8960 (SAS);
       Geier et al v. Omniglow et al, 03-CV-8961 (SAS) and Mitsumoto et al v.
       Robert Bosch et al 06-CV-01657 (transferred from MDFL)

Honorable Judge Scheindlin,

In view of my previous negative experiences with Mr. Fagan and his fellow attorneys, the latest declarations and allegations of Mr. Fagan give reason for me to clarify a few points although I myself am not one of the parties in the above mentioned court cases.

(1)
I lost my 18 year-old son Matthäus in the Kaprun catastrophe.
I represent my family and 20 further victim family members as attorney in the Kaprun case.
The last thing I want is that those responsible go scot-free when there is a reasonable chance of calling them to account.

(2)
I am extremely shocked at and disappointed with the verdicts delivered in the criminal proceedings in Austria.
In my opinion, both the verdict reached in the first instance and the verdict of the appellate court are flagrant judicial errors.
But, formally speaking, these decisions have to be respected.

(3)
In view of these verdicts, I must represent both myself and my family as well as my clients as best as possible as regards the civil law claims which are still open.

Appendix C - 3

RECHTSANWALT
## DR. JOHANNES STIELDORF

**(4)**
Mr. Fagan appeared on the scene shortly after the catastrophe in Austria and promised the earth. He wanted to gain "millions" (whether for each victim or for each family member  - he was not even able to ever sensibly clarify this question).

**(5)**
Over the last years and up until now, neither Mr. Fagan nor his fellow attorneys have answered basic questions regarding their efforts in the USA such as
- what law applies,
- when do the claims become time-barred,
- on what grounds does the US court have jurisdiction,
- how the various "defendants" are proved to be the proper parties with respect to the plaintiffs' claims, etc.

**(6)**
On the occasion of the opt-in declaration during the first class action he had already told all victim family members that the phrasing of this declaration was pre-determined by the court and could therefore not be changed. He also said that the deadline for joining could neither be changed nor extended.

**(7)**
He said the same again in August / September 2006 when he called in new declarations (retainers) in the form of an ultimatum. He, respectively Mr. Lowy, maintained that this was absolutely the last opportunity to participate in the US proceedings. Such participation would only be possible with a written power of attorney (retainer).

Judging from the way it was phrased, the objective of this retainer was obvious - to secure the representation rights for Mr. Fagan both in the USA and, above all, in Europe before the Austrian Commission and the absolute subordination to Mr. Fagan's methods and decisions.

**(8)**
With these (new) retainers, Mr. Fagan therefore tried to obtain authorisations and retainers (again) which had already expired, partly on account of the deadline set by him, or which he had actually not had from the very beginning. I had always made it clear for myself and my clients that he was only entitled to representation in the USA and that I alone would attend to the European proceedings.
The offer I had already made to Mr. Fagan in 2002(?) that we discuss and agree on final agreements so that any decision made would not interfere with the efforts of the other was completely ignored.

In September 2006, this point was again raised with Mr. Lowy with regard to Mr. Fagan's draft of a new retainer. At the same time, I pointed out numerous deficits in the amended complaint. He explained that, without this new retainer agreement, any possibilities at all of participating in the "successful" American proceedings would be finally lost for my clients and myself. Such participation would only be possible with a written retainer which would have to be submitted within a deadline of a few days.

RECHTSANWALT
## DR. JOHANNES STIELDORF

The wording of this proposed retainer would in my opinion conflict with Austrian professional rules of conduct.
Furthermore, with this new retainer agreement, it is clear that Mr. Fagan also wishes to take over the leadership in the Austrian negotiations. This is not only contrary to agreement but also unacceptable in view of his performance in Austria which can only be described as being pathetic.

However, it emerged that no deadline had been set either by the court or by law and that court action obviously did not depend on a written retainer. Mr. Fagan apparently represented a number of clients without having received a new retainer.

(9)
Against this background, special mention must be made of the fact that Mr. Fagan was not willing or not in a position to give the Austrian Commission in Vienna precise details of whom he actually represented or for whom he believed he was conducting negotiations at the Commission meetings, in spite of repeatedly being asked to do so.

(10)
Mr. Fagan makes it clear both at meetings in Vienna and in his various complaints that he does not really know the case, that he confuses persons and facts and is not in a position to interpret the status of shareholdings and participations. In spite of it having been explained to him several times, he is completely unaware of the fact that entities with mere capital interests have no or only very limited influence, so that no liability on their part can be derived there from. Nor does he understand that public law corporations can only exert direct influence to a limited extent and only on the basis of legal provisions on companies such as, for example, the GBK (glacier railway).

(11)
Although there was no success discernable in the US cases as yet, he tried to keep the family members of the European victims toeing the line with unsubstantiated jubilant reports, repeatedly suggesting the imminent breakthrough/conclusion of a substantial settlement.

This is contrary to all the information available to me according to which all European companies named by him as defendants rejected a settlement in the USA as a matter of principle.

(12)
I believe that, at proceedings before a US judge in December 2006, Mr. Fagan maintained that he still represented both myself, my family and my clients (?). This is definitely not correct.
I have also heard that, considerable time ago, quite a number of other clients had withdrawn the powers of attorney they had given him or had simply allowed time-limited powers of attorney to expire without agreeing on an extension, but they were or are still being named by him as plaintiffs in the various proceedings.

(13)

RECHTSANWALT
## DR. JOHANNES STIELDORF

In as far as I obtained information on which depositions Mr. Fagan was planning, I tried to determine the validity of the evidence tendered. In most cases, it ensued that this evidence was not suitable to contribute towards the decision-relevant facts of the case.

Questioning witnesses on procedural matters after the catastrophe is completely amiss if the claims have not even been sufficiently clarified on their merits (see above).

I have always accused Mr. Fagan of clearly acting against the interests of the clients here because all these useless and pointless depositions involve considerable costs and the European companies, who showed themselves to be willing to contribute towards the solution of the Austrian Commission, would of course deduct the costs incurred by the depositions from the amount reserved for the contributions.

(14)
Mr. Fagan and all the others who have made affidavits or applications to the court falsely maintain that I, for myself and/or the sub-commission, had tried to bribe Mr. Fagan with money to abandon the US complaints.

The truth is that, in the sub-commission, other companies and participants had shown willingness to make further contributions under the prerequisite that the US American proceedings, which had been completely unsuccessful to date, be stopped.

Even if I and quite a number of colleagues are of the opinion that Mr. Fagan's activities have lead to nothing but have, on the contrary, caused delays and useless/lost expenses and that he is therefore entitled to no fee or remuneration for his "efforts", the sub-commission resolved, as a general settlement for all US American attorneys (of the plaintiffs), to make an amount available as contribution to the costs should the American activities be ended.

Against this background, this was all that I set forth in the respective talks although it is my personal opinion that Mr. Fagan and the other attorneys were actually entitled to nothing for their activities in Europe which were counterproductive and only involved costs for the work of the Commission.

(15)
From the very beginning and now even more so in view of his latest activates, I have been and still am of the opinion that Mr. Fagan is only interested in being paid as large a fee as possible.

The fact that, in his bankruptcy proceedings, he quotes the sum of EUR 16,000,000 (not US Dollars 16,000,000) already offered by the Austrian Commission in Vienna as being his only (!) asset for reorganisation within the Chapter 11 proceedings clearly shows that he is of the opinion that his activities in the USA do not stand a chance of being successful.

His paltry efforts of maintaining that important evidence such as the pressure tanks had apparently been found must also be seen against this background. This

RECHTSANWALT
## DR. JOHANNES STIELDORF

evidence is completely immaterial as regards the course of the catastrophe as the explosion of the pressure tanks was indeed a cause of the fire but did not occur until after the death of our loved ones.

(16)
As Mr. Fagan has not only repeatedly failed to observe deadlines in his bankruptcy proceedings but also in the proceedings pending here, but also not made submissions or presented documents in good time, it would seem necessary that the court exert pressure on him to coherently conduct the lawsuit.

The latest allegations and declarations are to be seen and assessed in the light of my statement.

Yours faithfully,

(Dr. Johannes Stieldorf)

RE: 4.25.07 Dr. Stieldorf Letter to the Court

**From:** Jennifer_Rosenberg@nysd.uscourts.gov
**To:** Kanzlei Dr. Johannes Stieldorf | Sekretariat <office@stieldorf.at>
**Cc:** Rooney, Paul P. <PRooney@ReedSmith.com>; faganlawintl@aim.com; JRice@nrmlaw.com
**Subject:** RE: 4.25.07 Dr. Stieldorf Letter to the Court
**Date:** Wed, 25 Apr 2007 3:05 pm
**Attachments:** StieldorfFagan24_04_07ENGLISH.doc (49K)

Dear Dr. Stieldorf,

The Judge has received your letter and is grateful for your input.  She
asks that I inform you that she will give it full consideration in deciding
any issues in this case.

With this email, I am forwarding your letter to all liaison counsel in the
U.S. litigation (please see attachment, below).

Sincerely,

Jennifer

Jennifer S. Rosenberg
Law Clerk to the Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007
Office: 212.805.0474

Stieldorf(See attached file: StieldorfFagan24 04 07ENGLISH.doc)

--------------------------
Appendix C - 8

74P5SKIC                      conference

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    - - - - - - - - - - - - - - - - - - - - - - - - -x

3    IN RE:  SKI TRAIN FIRE
     IN KAPRUN, AUSTRIA                    CASE NO.
4                                          01 MDL 1428   (SAS)
                                           06 CV. 1657   (SAS)
5    - - - - - - - - - - - - - - - - - - - - - - - - -x

6
                                           New York, N.Y.
7                                          April 25, 2007
                                           11:45 a.m.
8    Before:

9                                      DOC # 280
              HON. SHIRA A. SCHEINDLIN,

10                                        District Judge

11                        APPEARANCES

12
     NAGEL, RICE & MAZIE
13        Attorneys for American Plaintiffs
     BY:  JAY J. RICE
14
     SPEISER KRAUSE
15        Attorneys for American Plaintiffs
     BY:  CHRISTINA FRY
16
     EDWARD D. FAGAN
17        Liaison Counsel to Class Plaintiffs

18   FLORIDA LAW GROUP, L.L.C.
          Attorneys for Plaintiffs
19   BY:  JAMES F. LOWY

20   HANTMAN & ASSOCIATES
          Attorneys for Plaintiffs
21   BY:  ROBERT J. HANTMAN

22   REED, SMITH, LLP
          Attorneys for Defendant
23        Bosch Rexroth Corporation
     BY:  PAUL P. ROONEY

24

25

74P5SKIC                    conference

1                    APPEARANCES    (Cont'd)

2    MORRISON, MAHONEY, L.L.P.
             Attorneys for Defendant Bosch Rexroth AG
3    BY:    AARTI SONI

4    BARTLETT, McDONOUGH, BASTONE & MONASHAW
             Attorneys for Defendant Omniglow
5    BY:    E. GORDON HAESLOOP

6    FULBRIGHT & JAWORSKI, L.L.P.
             Attorneys for Defendant Exxon Mobil Corporation
7    BY:    JOHN TULLY

8    LITTLETON JOYCE
             Attorneys for Defendant Siemens Corporation
9    BY:    ROBERT JOYCE

10   KIRKLAND & ELLIS, L.L.P.
             Attorneys for Defendant Siemens Corporation
11   BY:    BRANT W. BISHOP

12   MENDES & MOUNT, L.L.P.
             Attorneys for Defendant Wika
13   BY:    EILEEN T. McCABE
             STEPHEN ROBERTS

14
     McDERMOTT, WILL & EMERY
15           Attorneys for Defendant GBK
     BY:    CHRYSSA V. VALLETTA

16

17

18

19

20

21

22

23

24

25

74P5SKIC                    conference

```
 1              (Case called)

 2              THE COURT:  Mr. Rice, good morning.

 3              MR. RICE:  Yes.  Good morning, your Honor.

 4              THE COURT:  Ms. Fry.

 5              MS. FRY:  Good morning.

 6              THE COURT:  Mr. Fagan.

 7              MR. FAGAN:  Good morning.

 8              THE COURT:  Mr. Lowy.

 9              MR. LOWY:  Good morning.

10              THE COURT:  Good morning, Mr. Hantman.

11              MR. HANTMAN:  Good morning.

12              THE COURT:  Mr. Littleton, good morning.

13              MR. LITTLETON:  Good morning.

14              THE COURT:  Mr. Bishop.

15              MR. BISHOP:  Good morning, your Honor.

16              THE COURT:  Mr. Haesloop.

17              MR. HAESLOOP:  Good morning, your Honor.

18              THE COURT:  Mr. Rooney.

19              MR. ROONEY:  Good morning, your Honor.

20              THE COURT:  Ms. Soni.

21              MS. SONI:  Good morning, your Honor.

22              THE COURT:  You all signed the seating chart so

23  Mr. Gilmore; Mr. Joyce; Mr. Tully, is it?

24              MR. TULLY:  Good morning, your Honor; yes.

25              THE COURT:  Ms. McCabe.
```

4

74P5SKIC                        conference

1          MS. McCABE:  Good morning, your Honor.

2          THE COURT:  Mr. Roberts.

3          MR. ROBERTS:  Yes.  Good morning, your Honor.

4          THE COURT:  And Ms. Valletta.

5          MS. VALLETTA:  Good morning, your Honor.

6          THE COURT:  Well, there has been just a pile of

7    submissions pouring in right up to the last minute, almost too

8    many to list but for the record I do like to do that -- sorry

9    to say, 18 submissions that we had.  I guess that's the result

10   of the availability of e-mail, it makes it so easy for people

11   to fire off responses to one another.  But, I have reviewed

12   those 18 so I will just briefly read them into the record and

13   then we will get to the heart of it.

14          An April 9th letter from Mr. Bishop to the Court

15   regarding plaintiff's failure to timely file opposition papers

16   to defendants' motion to dismiss.  That was No. 1.

17          No. 2.  E-mail dated April 11th from Mr. Fagan to the

18   Court, regarding that opposition.

19          No. 3.  A letter dated April 11th, Mr. Rooney to the

20   Court, regarding plaintiff's late opposition.

21          No. 4.  Letter dated April 12th from Mr. Bishop to the

22   Court, regarding plaintiff's late opposition.

23          No. 5.  Letter dated April 13th from Mr. Lowy,

24   Mr. Fagan and Mr. Hantman to the Court requesting Rule 16

25   conference to discuss alleged witness tampering.

5

74P5SKIC                          conference

1          No. 6.  A letter dated April 16th, from Mr. Bishop to

2   the Court, responding to the letter from plaintiff's counsel

3   that I just described.

4          No 7.  A letter dated April 17th from Mr. Haesloop to

5   the Court pointing out that plaintiffs had been serving

6   response papers not only late but in a piecemeal fashion and

7   requesting an extension to file his reply on the standing

8   motion and his opposition on the sanction motion.

9          No. 8.  A letter dated April 17th from Ms. Valletta to

10  the Court responding to plaintiff's allegations of witness

11  tampering.

12         No. 9.  A letter dated April 17th from Mr. Hantman to

13  the Court responding to Mr. Bishop's April 16th letter and

14  further requesting a Rule 16 conference, again to discuss the

15  alleged witness tampering.

16         No. 10.  A letter dated April 18th from Mr. Haesloop

17  to the Court trying to clarify the briefing schedule on a

18  number of pending motions.

19         No. 11.  A letter dated April 20th from Mr. Bishop to

20  the Court.

21         And I am going to pause at this point for a minute,

22  explaining why Siemens is not filing at this time a motion to

23  dismiss itself as a defendant in the newly transferred

24  Mitsumoto case because it says in that letter that you agreed

25  to dismiss Mr. Fagan but you haven't filed the papers.

6

74P5SKIC                        conference

1          Is it accurate that you agree to dismiss Siemens from

2    that case? He has got written proof of it.

3          MR. FAGAN:  It is, your Honor.

4          THE COURT:  Why haven't you filed the dismissal so

5    that he is confident that it is done?

6          MR. FAGAN:  Your Honor --

7          THE COURT:  Just on this one I paused from the reading

8    of all the letters just to make sure it is done.

9          MR. FAGAN:  Your Honor, I have no problem with that.

10   Mr. Lowy was the counsel in Florida, he was supposed to execute

11   it and we will do it.  We will do it right now, Judge.

12         MR. BISHOP:  I have a copy, your Honor.  I can pass it

13   to them to sign.

14         THE COURT:  Why don't we do that.  I will pause, you

15   sign, and we will file and then you have that confidence,

16   Mr. Bishop, that that's at least done.

17         MR. BISHOP:  Thank you, your Honor.

18         THE COURT:  Hand it up to my clerk and it will be

19   filed.  Thank you.

20         No.  12.  Letter dated April 23rd, from Mr. Rooney to

21   the Court, requesting Mr. Fagan be held personally responsible

22   for the costs of deposing the whistle-blowers as a sanction

23   pursuant to 28, United States Code, Section 1927.

24         No. 13.  A letter dated April 24th from Mr. Fagan to

25   the Court responding to Mr. Rooney's April 23rd letter and

74P5SKIC                    conference

1    offering an agenda for today's conference.

2          No.  14.  Letter dated April 24th, from Mr. Littleton

3    to the Court, requesting that the Court rescind the

4    confidentiality orders related to the so-called whistle

5    blowers.

6          No.  15.  An e-mail dated April 24th from Mr. Rooney

7    to the Court offering an agenda for today's conference.

8          No.  16.  An April 25th email from Mr. Bishop to the

9    Court sort of rephrasing one of the topics.  Mr. Bishop wrote

10   that he takes the position he really doesn't want an extension,

11   he really wants to say that plaintiff's late papers should be

12   entirely disregarded and surely plaintiff should not be given

13   any more time to file any additional papers.  But, if the Court

14   won't disregard and he doesn't want extension, he doesn't think

15   plaintiff should get additional time.

16         No.  17.  A letter dated April 24th from Mr. Rooney

17   requesting leave to move to disqualify Mr. Fagan on a number of

18   grounds.

19         No.  18.  An e-mail from Mr. Fagan dated April 25th,

20   to the Court, responding to Mr. Rooney's letter.

21              I think that's the very last e-mail.  Okay.  That

22   describes the list of submissions that the Court is dealing

23   with here.  I do have both sides' proposed motion list and I

24   added a few of my own, one of which we just took care of, the

25   Siemens dismissal; another one is the bond.  Can anyone tell me

--------------------------

# EXHIBIT  6

**From:** Jennifer_Rosenberg@nysd.uscourts.gov

**To:** faganlawintl@aim.com

**Cc:** aliederm@morrisonmahoney.com; ASoni@morrisonmahoney.com; AvonWaldow@ReedSmith.com; bbishop@kirkland.com; CMOERDLER@stroock.com; cvalletta@mwe.com; egordon.haesloop@bmbmlaw.com; Eileen.McCabe@mendes.com; gregory.t.kenney@exxonmobil.com; Hantmanrj@aol.com; jameslowy@floridalawgroup.com; JRice@NRMLAW.com; PRooney@ReedSmith.com; rgilmore@kirkland.com; robert.littleton@littletonjoyce.com; rowen@fulbright.com; rswift@kohnswift.com; rweiner@mwe.com; stephen@harnik.com

**Subject:** Re: ROSA DEPOSITION

**Date:** Wed, 6 Jun 2007 3:02 pm



The Judge just spoke with Mr. Rosa.

His deposition will take place tomorrow, in accordance with the schedule arranged by Mr. Haesloop.


Jennifer S. Rosenberg
Law Clerk to the Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007
Office: 212.805.0474

EXHIBIT  7

From: Jennifer_Rosenberg@nysd.uscourts.gov

To: PRooney@ReedSmith.com; faganlawintl@aim.com; aliederm@morrisonmahoney.com; ASoni@morrisonmahoney.com; AvonWaldow@ReedSmith.com; bbishop@kirkland.com; CMOERDLER@stroock.com; cvalletta@mwe.com; egordon.haesloop@bmbmlaw.com; Eileen.McCabe@mendes.com; Hantmanrj@aol.com; jameslowy@floridalawgroup.com; JRice@NRMLAW.com; rgilmore@kirkland.com; robert.littleton@littletonjoyce.com; rswift@kohnswift.com; rweiner@mwe.com; rowen@fulbright.com; gregory.t.kenney@exxonmobil.com; stephen@harnik.com

Subject: In re Ski Train, MDL 1428

Date: Mon, 18 Jun 2007 3:17 pm

---

Hello Everyone,

Will any party with the requisite information please answer the Court's following questions:

How many foreign plaintiffs currently do not have civil actions pending in Austria? And, if plaintiffs falling in this category attempted to file suit today, would their claims be time-barred? (i.e., What is the applicable statute of limitations in Austria for analogous tort actions?).



Please respond ASAP and no later than close of business Wednesday, June 20th.

Thank you.

Jennifer S. Rosenberg
Law Clerk to the Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007
Office: 212.805.0474

From: faganlawintl@aim.com
To: Jennifer_Rosenberg@nysd.uscourts.gov; PRooney@ReedSmith.com; aliederm@morrisonmahoney.com;
ASoni@morrisonmahoney.com; AvonWaldow@ReedSmith.com; bbishop@kirkland.com; CMOERDLER@stroock.com;
cvalletta@mwe.com; egordon.haesloop@bmbmlaw.com; Eileen.McCabe@mendes.com; Hantmanrj@aol.com;
jameslowy@floridalawgroup.com; JRice@NRMLAW.com; rgilmore@kirkland.com; robert.littleton@littletonjoyce.com;
rswift@kohnswift.com; rweiner@mwe.com; rowen@fulbright.com; gregory.t.kenney@exxonmobil.com;
stephen@harnik.com
Subject: Re: In re Ski Train, MDL 1428
Date: Mon, 18 Jun 2007 3:46 pm

Dear Ms. Rosenberg:

I have your email and can advise that the only claims that have been filed in Austria by foreign plaintiffs are against
GBK - which is presently not a party in the US cases, despite the recently filed Rule 60 (b) Motion.

I will ask the question of the Austrian Cooperating Lawyers and provide a detailed response defendant by defendant
named in each of the existing complaints.



Ed Fagan

-----Original Message-----
From: Jennifer_Rosenberg@nysd.uscourts.gov
To: PRooney@ReedSmith.com; faganlawintl@aim.com; aliederm@morrisonmahoney.com;
ASoni@morrisonmahoney.com; AvonWaldow@ReedSmith.com; bbishop@kirkland.com; CMOERDLER@stroock.com;
cvalletta@mwe.com; egordon.haesloop@bmbmlaw.com; Eileen.McCabe@mendes.com; Hantmanrj@aol.com;
jameslowy@floridalawgroup.com; JRice@NRMLAW.com; rgilmore@kirkland.com; robert.littleton@littletonjoyce.com;
rswift@kohnswift.com; rweiner@mwe.com; rowen@fulbright.com; gregory.t.kenney@exxonmobil.com;
stephen@harnik.com
Sent: Mon, 18 Jun 2007 3:17 pm
Subject: In re Ski Train, MDL 1428


Hello Everyone,

Will any party with the requisite information please answer the Court's
following questions:

How many foreign plaintiffs currently do not have civil actions pending in
Austria?  And, if plaintiffs falling in this category attempted to file
suit today, would their claims be time-barred?  (i.e., What is the
applicable statute of limitations in Austria for analogous tort actions?).

Please respond ASAP and no later than close of business Wednesday, June
20th.

Thank you.



Jennifer S. Rosenberg
Law Clerk to the Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007
Office: 212.805.0474


**Check Out the new free AIM(R) Mail** -- 2 GB of storage and industry-leading spam and email virus protection.

# EDWARD D. FAGAN ESQ.
## *Law Offices*
### Five Penn Plaza, 23rd Floor, New York, NY   10001
### Tel. (646) 378-2225, Fax (646) 417-5558 & Email: faganlawintl@aim.com

*Via Fax Delivery*                                     Tuesday 19 June 2007
Honorable Shira A. Scheindlin USDJ
United States District Court - Southern District of New York
500 Pearl Street - Chambers - Room 1620
New York, NY  10007

Re:    *In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS);*
       *Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-*
       *CV-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-CV-2811 (SAS) and*
       *Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)*

Honorable Judge:

Together with my colleagues James F. Lowy Esq. and Robert Hantman Esq, I represent the
*Blaimauer/Mitsumoto, Geier* and *Mitsumoto* Plaintiffs in the above matters.

I am advised by my co-counsel that the Court has issued an Opinion and Order despite the fact
the Court requested and set a deadline for TOMORROW at 5 pm by which to provide additional
information related to the Defendants Motion to Dismiss for alleged *Forum Non Conveniens*.  I
have not had an opportunity to access emails or to read or review the Opinion and Order which
my co-counsel have advised me was apparently issued by Court' on June 19, 2007. Based on
what has been related to me, the June 19, 2007 Opinion and Order contained certain factual and
legal errors.

The Court should note that I am surprised that any Opinion and order would have been issued
prior to June 20/21, 2007, which was the earliest possible date based upon Your Honor's Clerk
Ms. Rosenberg's June 18, 2007 email..  On June 18, 2007, Ms. Rosenberg on behalf of the
Court requested clarification as to certain threshold issues.

In response to this request by the Court per Ms. Rosenberg, I contacted Austrian and Japanese
counsel, requested and am receiving Declarations that show that Austrian is NOT an adequate
alternate *forum* for Plaintiffs' claims and that in fact most if not all of the claims are either
*"Dead on Arrival"* or any resolution in Austrian could not be enforceable as against the moving
Defendants – all of which are US Companies in US Courts.  These Declarations would have
been and are being provided within the time prescribed by the Court and I respectfully submit
that any opinion and Order issued before the June 20, 2007 deadline imposed by Court for the
additional information is, respectfully, improvidently issued.

I respectfully submit that the Court's Opinion and Order of June 19, 2007 was issued premature
and was issued without waiting for the responses to the Court's June 18, 2007 requests for
information which would have shown the factual and legal basis for denying Defendants' Motion
based upon allegations that Austria is an adequate alternate forum which the facts and law,
including the responses to the Court's June 18, 2007 questions, show it is not.

-----------------------------
Appendix C - 12

# EDWARD D. FAGAN ESQ.
## *Law Offices*

*Hon. Shira A. Scheindlin USDJ – 6/19//07 Letter to Judge Scheindlin – Page 2*
*Re:    In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS);*
*        Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-*
*        CV-8961 (SAS); Mitsumoto et al v Republic of Austria et al, 06-CV-2811 (SAS)  and*
*        Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)*
---------------

I will submit the Declarations as per the Court's June 18, 2007 request, which come from
knowledgeable Austrian counsel and which are in response to the Court's request by the Court
imposed deadline as set forth in Your Honor's Clerk, Ms. Rosenberg's email from June 18, 2007,
by June 20, 20007 by the close of business US time.

In view of the foregoing, I respectfully urge the Court NOT to formally enter any decision until
such time as the Court has considered the Declarations in response to the questions requested by
Your Honor's Clerk, Ms Rosenberg as per her email of yesterday, and within the time set by the
Court as the close of business TOMORROW – June 20, 2007.

As always, thank you for the Court's continued attention and time in these cases.

Respectfully submitted,
/s/ *Edward D. Fagan*
Edward D. Fagan
EDF/

Ccs:    All Counsel of Record in the All Cases - electronically

# EDWARD D. FAGAN ESQ.
## Law Offices
### Five Penn Plaza, 23rd Floor, New York, NY  10001
### Tel. (646) 378-2225, Fax (646) 417-5558 & Email: faganlawintl@aim.com

*Via Fax Delivery*                                    Wednesday 20 June 2007
Honorable Shira A. Scheindlin USDJ
United States District Court - Southern District of New York
500 Pearl Street - Chambers - Room 1620
New York, NY  10007

Re:    *In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS);*
       *Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-*
       *CV-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-CV-2811 (SAS) and*
       <u>*Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)*</u>

Honorable Judge:

Together with my colleagues Robert Hantman and James Lowy, I represent the *Blaimauer/*
*Mitsumoto*, *Geier* and *Mitsumoto* Plaintiffs in the above matters.

As a follow up to my letter from last night, and by 5 pm today (the time set by the Court as
conveyed to the parties by Your Honor's Clerk Ms. Rosenberg) I will submit the responses to the
Court's questions from Monday June 18, 2007 related to the adequacy of Austria as an alternate
forum, and specifically describing any bars to Plaintiffs re-filing of the actions in Austria.

I have already been advised by Austrian & Japanese Counsel (including Dr. Ivo Greiter, Dr.
Herwig Hasslacher, Dr. Toichiro Kigawa and Dr. Ulrich Schwab) that there are multiple bars,
including jurisdiction and/or time bars, to these claims being re-filed in Austria.

Declarations from these Austrian & Japanese counsel in response to the Court's questions will
show that any finding that Defendants met their burden on the Motion to disturb Plaintiffs choice
of forum and failed to demonstrate that Austria is an adequate alternate forum for Plaintiffs
claims is/was based on (i) an error of law, or (ii) clearly erroneous finding of fact, or is not
located within the range of permissible decisions, or (iii) fails to consider all the relevant factors
or unreasonably balances those factors in determining the deference to plaintiffs choice of forum
of the analysis of the adequacy of Austria as an alternate forum.   Any such finding requires
reconsideration and reversal.   See *Norex Petroleum Ltd. v. Access Industries, 416 F.3d 146 (2nd*
*Cir. 2005)* and *Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 70 (2d Cir. 2003)*.

In view of the foregoing, I again urge the Court to refrain formally entering any decision without
considering the specific additional information requested on June 18, 2007 and which shows that
Austria is not an adequate alternate forum for these claims and as such Defendants' Motions to
Dismiss based on *forum non conveniens* should have been and should be denied.

Respectfully submitted,

/s/ electronically signed
Edward D. Fagan

Ccs:    All Counsel of Record in the All Cases - electronically

---------------------------
Appendix C - 14

# EDWARD D. FAGAN ESQ.

## *Law Offices*

### Five Penn Plaza, 23rd Floor, New York, NY   10001
### Tel. (646) 378-2225, Fax (646) 417-5558 & Email: faganlawintl@aim.com

*Via Fax (212) 805-7920*                    Wednesday 20 June 2007
Honorable Shira A. Scheindlin USDJ
United States District Court - Southern District of New York
500 Pearl Street - Chambers - Room 1620
New York, NY   10007

Re:    *In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS);*
       *Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-*
       *CV-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-CV-2811 (SAS) and*
       *Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)*

Honorable Judge:

Pursuant to Ms. Rosenberg; June 18, 2007 email, enclosed please find the June 20, 2007
Declaration of Dr. Ivo Greiter ("Greiter Declaration") responsive to questions raised by the Court
in its email of Monday afternoon June 18, 2007 where the Court raised the issues of potential
bars to re-filing of claims in Austria.

The Greiter Declaration is submitted by the 5 pm time as prescribed by the Court on Monday
June 18, 2007.  The Court should note that Dr. Greiter requested that I advise the Court that in
his par. 4 b) iii) there is a typo which should ready Bosch Rexroth Corporation that has been a
defendant in the US since 2001 and as to which the same opinions and conclusions apply.

I do realize that there was a decision issued yesterday on Pacer indicating that the Court would
not consider further submissions.  However, I believe that this submission is consistent with the
Court prior request.

If I am incorrect I apologize for any inconvenience to the Court but believe this submission is
proper and should be included for completeness of the record.

Respectfully submitted,


/s/ electronically signed
Edward D. Fagan


Attached 5 Page Declaration of Dr. Ivo Greiter


Ccs:    All Counsel of Record in the All Cases - electronically

------------------------
Appendix C - 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | X | |
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA ON NOVEMBER 11, 2000 | : : : | MDL # 1428 (SAS) |
| | X | |
| This document relates to the following cases: | | |
| | X | |
| BLAIMAUER, et al, | Plaintiffs, : | |
| - and - | : : | Civil Action # |
| OMNIGLOW CORPORATION, et al | : : | 03-CV-8960 (SAS) |
| | Defendants. : | |
| | X | |
| | X | |
| GEIER, et al, | Plaintiffs, : | |
| - and - | : : | Civil Action # 03-CV-8961 (SAS) |
| OMNIGLOW CORPORATION, et al | : : | |
| | Defendants. : | |
| | X | |
| | X | |
| MITSUMOTO, et al, | Plaintiffs, : | |
| - and - | : : | Civil Action # 06-CV-2811 (SAS) |
| REPUBLIC OF AUSTRIA, et al | : : | |
| | Defendants. : | |
| | X | |
| | X | |
| MITSUMOTO, et al | Plaintiffs, : | |
| - and - | : : | Civil Action # 07-CV-935 (SAS) |
| ROBERT BOSCH CORPORATION, et al | : : | |
| | Defendants. : | |
| | X | |

## SUPPLEMENTAL INFORMATION IN RESPONSE TO COURT'S JUNE 15, 2007 QUESTIONS RELATED TO CLAIMS IN AUSTRIA AND POTENTIAL BAR IF CLAIMS WERE FILED NOW IN AUSTRIA

I, Ivo Greiter, lawyer in Innsbruck, Austria, Europe hereby declare and say:

1) I am a lawyer in Innsbruck, Austria, Europe and have been involved with the claims of

Kaprun victims and survivors from 2001 to the present.

2) I make this declaration in response to the Court's questions about Civil Action pending in Austria of June 18, 2007.

3) Ed Fagan informed me that the Court has asked these questions because it is presently considering Motions to Dismiss by American defendants in the *Blatmauer, Geier* and *Mitsumoto* cases which have alleged that Austria is a more convenient forum for the existing US claims and that the Kaprun victims and/or survivors can bring the same claims that they have in the United States in Austria. That is unfortunately not true.

4) There are multiple "bars" to the bringing of claims in Austria in 2007 by the Kaprun victims families whom I represent in Austria. They are as follows:

a) There is a practical problem with the ability of the Austrian courts to enforce any judgment that could be attained in Austria against US-companies;

b) There is a time bar to the bringing of any claim against the defendant companies that have been named in the complaints that have been pending or brought in the United States dating back to 2001. According to the information from Ed Fagan these defendants include:

i) Omniglow Corporation and its alleged successor Cyalume;

ii) American Cyanamid Corporation or its alleged successor Wyeth;

iii) Robert Bosch Corporation;

iv) Bosch Rexroth AG;

v) Bosch Rexroth GmbH;

vi) Rexroth Mannesmann AG;

vii) Rexroth Mannesmann GmbH;

viii) Mannesmann AG;

ix) Mannesmann GmbH;

2

  x) Siemens AG;

  xi) Siemens AG Austria;

  xii) Siemens Transportation Systems Inc;

  xiii) Siemens Transportation Systems Gmbh;

  xiv) Siemens Transportation Systems Inc; and

  xv) OB – Verbund.

5) The Austrian legal system would bar these complaints because they do not have the same principals which we have been told by Ed Fagan exist in the United States and which apply to the existing US claims, as to which we rely on our present US counsel and previously relied on former class counsel. According to the information from Ed Fagan these include:

  a) The statute of limitations tolling provisions which we understand to mean the clock stops, applied while the former class action was in existence;

  b) Equitable tolling principals that we understand exist in the US to toll the statute of limitations but which would not toll the Statute of Limitations in Austria;

  c) Equitable estoppel that we understand exist in the US to toll the statute of limitations but which would not toll the Statute of Limitations in Austria;

  d) "Relation back" theory that we understand exist in the US to toll the statute of limitations but which would not toll the Statute of Limitations in Austria; and

  e) Adding another cooperate party to an existing complaint is not possible and would not toll the Statute of Limitations in Austria.

6) The Court should note that the Kaprun victims' families that I represent commenced the actions as I was informed by Ed Fagan in the United States in 2001. I filed one claim in Austria against GBK and that claim was based upon a very limited liability issue. The only reason I filed that complaint in Austria was to protect the Statute of Limitations against GBK

                    3

as to that claims as we awaited the US Court's decision on GBK's Motion to Dismiss for alleged lack of jurisdiction.

7) I did not file claims in Austria against any of the entities named in any of the Class Actions. Before I filed the claim in Austria against GBK I was informed as follows:

   a) I was informed by US-counsel in 2002, the US Court had already denied the Motions to Transfer by Siemens AG, Siemens Austria, Siemens Corporation, Bosch Rexroth Corporation, Bosch Rexroth AG, Bosch Rexroth Hydraulics US and Omniglow Corporation in decisions dated August 8 and 14, 2002 respectively (*I have asked Ed Fagan to attach a copy of the Court's decision*).

   b) I was informed by US-counsel that on October 13, 2003 – about 4 weeks before the expiration of the Statute of Limitations in Austria the US Court granted conditional class Certification (*I have asked Ed Fagan to attach a copy of the Court's decision*).

8) The Austrian civil court concerning the statute of limitation reads in its § 1489 as follows in German language:

   "§ 1489. Jede Entschädigungsklage ist in drei Jahren von der Zeit an verjährt, zu welcher der Schade und die Person des Beschädigers dem Beschädigten bekannt wurde, der Schade mag durch Übertretung einer Vertragspflicht oder ohne Beziehung auf einen Vertrag verursacht worden sein. Ist dem Beschädigten der Schade oder die Person des Beschädigers nicht bekannt geworden oder ist der Schade aus einer oder mehreren gerichtlich strafbaren Handlungen, die nur vorsätzlich begangen werden können und mit mehr als einjähriger Freiheitsstrafe bedroht sind, entstanden, so erlischt das Klagerecht nur nach dreißig Jahren."

9) In English this § 1489 reads as follows (translated as in the book by Paul L. Baeck "The General Civil Code of Austria" published for The Parker School of Foreign and Comparative



Law Columbia University in the City of New York by Oceana Publications, Inc. Dobbs

Ferry, New York, 1972):

"Article 1489. All actions for damages are extinguished after three years as from the moment

when the damaged party learned of the damage and the identity of the person who caused it,

regardless whether the damage was caused by breach of contract or without relation to a

contract. If the damaged party does not become aware of the damages or of the identy of the

party who caused the damage, or if the damage arises from a felony, the right to sue is

extinguished after thirty years."

10) It seems that the defendants in the US have dragged these cases out for years. It now appears

that they did so just to get to this point where the could try to get the claims transferred to a

Court where – to coin a phrase - they would be *"Dead on Arrival"* either due to a time bar

or a jurisdictional bar.

11) The Kaprun victims families would be irreparably harmed and prejudiced if the defendants

Motion were granted. As noted above, these claims against the defendants listed under Point

4) b) from i) to xv) cannot be prosecuted in Austria because they are time barred in Austria.

The Kaprun victims families brought their claims in the United States and have prosecuted

them for the last 6 years and wish to finish them expeditiously in a Court where they can be

prosecuted and a court where a judgment can be enforced against the US-defendants.

12) I pray that the Court deny Defendants renewed Motion.

### DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury the foregoing

statements to be true.

Dated: 20 June 2007
Innsbruck, Austria

Ivo Greiter

5

---------------------------
Appendix C - 54

# EXHIBIT  8

*Court disregards 2nd question entirely*

-------------------------------------X
NANAE MITSUMOTO, et al.,                :

              Plaintiffs,                :

    - against -                :      07–CV–935 (SAS)

                      :

ROBERT BOSCH                :
CORPORATION, et al.,                :

             Defendants.                :
-------------------------------------X
-------------------------------------X
JOOP H. STADMAN, et al.,                :

              Plaintiffs,                :

    - against -                :      07–CV–3881 (SAS)

                      :

AUSTRIAN NATIONAL TOURIST                :
OFFICE INC., et al.,                :

             Defendants.                :
-------------------------------------X
SHIRA A. SCHEINDLIN, U.S.D.J.:

## ORDER

By email dated June 18, 2007, the Court posed a straightforward

question to all parties, inquiring how many foreign plaintiffs currently have



litigation arising out of the ski train disaster pending - against any defendant - in

an Austrian court. By email dated that same day, plaintiffs' counsel fully answered

that question. Nevertheless, plaintiffs' submissions of today's date reflect that

plaintiffs' counsel misreads the Court's email as an invitation to file more

declarations relating to the question of whether the Austrian courts provide an

2

adequate alternative forum, a consideration a court must address when deciding a motion to dismiss based on forum non conveniens. This issue was fully addressed in the parties' submissions and the Court issued its ruling. *See* Opinion & Order dated June 19, 2007. No further briefing was requested on this issue nor will such tardy submissions now be considered. Nevertheless, Local Rule 6.3 permits a party to timely move for reconsideration if it can assert an adequate ground for such a motion. If plaintiffs wish to exercise this option, they must do so in accordance with the applicable rules of procedure.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          June 21, 2007

3

# EXHIBIT   9

77bbakic

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
IN RE:  SKI TRAIN FIRE
IN KAPRUN, AUSTRIA
                                    CASE NO.
                                    01 MDL 1428  (SAS)
------------------------------x

                                    New York, N.Y.
                                    July 11, 2007
                                    :103 p.m.

Before:

            HON. SHIRA A. SCHEINDLIN,

                                    District Judge

                    APPEARANCES

FOR PLAINTIFF:
    Edward Fagan, Esq.
    Christina Fry, Esq.

FOR DEFENDANTS:
    Paul P. Rooney, Esq.
    Sarah E. O'Connell, Esq.
    Aaril Soll, Esq.
    E. Gordon Haesloop, Esq.
    Brant W. Bishop, Esq.
    John Faust, Esq.
    Eileen T. McCabe, Esq.
    Warren Harris, Esq.
    Robert Littleton, Esq.
    Attorney O'Connell, Esq.
```



---

77bbakic

              (Case called)

              THE COURT:  Of course, Mr. Bishop is on the phone
for --

              MR. BISHOP:  Siemens Transportation Systems.

              THE COURT:  All right.  I will follow the same format.

              I usually follow with these conferences, stating for the record
the long list of submissions I received, and then starting the
agenda, and then, hopefully, handling that agenda.

              I issued an opinion and order on June 19th, 2007,
dismissing the foreign plaintiffs' actions on the ground of
forum non conveniens.

              No sooner was that opinion out the door, then the
following submissions were made:

              On June 20th, a letter was received from Mr. Fagan
saying that the opinion was premature and improvidently issued,
and enclosing further declarations regarding the adequacy of
Austria as alternative forum.

              Secondly on June 20, the same day, Mr. Bishop
responded to Mr. Fagan's letter and asked that the Court
prohibit any further submissions in light of its
June 19th opinion.

              Number 3, on June 21, a letter from Mr. Fagan,
inquiring whether the Court's June 19 opinion mooted
plaintiff's motion for sanctions against Omniglo, Mr. Haesloop,
his law firm, that is Mr. Haesloop's law firm, and St. Paul

                                                                    2

77D0akic

1  any case. It shall be accompanied by a certificate of counsel
2  of record stating that it is made in good faith."
3  The Second Circuit has stated that the analysis as to
4  whether a judge has a personal bias or prejudice warranting
5  recusal, quote, looks to extra judicial conduct as the basis
6  for making such a determination. The substantive standard for
7  recusal is whether a reasonable person, knowing all of the
8  facts, would conclude that Court's impartiality might
9  reasonably be questioned.
10  And that quote is from Apple v. Jewish Hospital and
11  Medical Center, Second Circuit 1987.
12  There is a presumption of judicial impartiality and
13  the movant carries a heavy burden in attempting to overcome
14  this presumption for "a judge is as much obliged not to recuse
15  herself when it is not called for, as she is obliged to when it
16  is." And that is from In Re Drexel Burnham, Second Circuit
17  1988.
18  Thus, when presented with the recusal motion and
19  supporting affidavit, a judge "has an affirmative duty to
20  inquire into the legal sufficiency of such an affidavit and not
21  to disqualify herself unnecessarily." Which is from National
22  Auto Brokers v. General Motors, Second Circuit 1978.
23  Plaintiff's motion for recusal, pursuant to
24  Section 144, fails for two independent reasons:
First, it is untimely and, thus, procedurally

77D0akic

1  defective.
2  Second, it is entirely without merit.
3  I begin with the timeliness. As a threshold matter,
4  Section 144 requires an accusation of bias be submitted in a
5  timely manner, not after the Court has already ordered the case
6  to be dismissed. In the words the Second Circuit, a party must
7  move a recusal "at the earliest possible moment after obtaining
8  knowledge of facts demonstrating the basis for such a claim."
9  In order to ensure that the party is not "holding back
10  a recusal application as a fall-back position in the event of
11  adverse rulings on pending matters." That is LoCascio v.
12  United States, Second Circuit 2007.
13  This is precisely what plaintiffs are doing here.
14  According to plaintiffs' own submissions, this Court
15  consistently presided over their actions fairly and
16  impartially, up until this Court issued its ruling on
17  June 19th, dismissing plaintiffs' claims for forum non
18  conveniens.
19  But as the Supreme Court has instructed, such
20  substantive rulings are not the basis for finding bias. And I
21  quote at some length from the Supreme Court's decision in
22  Litkey v. United States in 1994: "Judicial rulings alone almost
23  never constitute a valid basis for a bias or partiality motion.
24  In and of themselves, that is apart from surrounding comments
25  or accompanying opinions they cannot possibly show reliance

EXHIBIT   10



**Dr. Herwig Hasslacher
Rechtsanwalt**

Via Fax (212) 805-7920
Hon. Shira A. Scheindlin USDJ
United States District Judge
500 Pearl Street, Chambers 1620
New York, NY  10007

Villach, 16.10.2007

Re:  *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000 – 01-md-1428 (SAS);
Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS); Geier et al v. Omniglow et
al 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811
(SAS); Mitsumoto et al v. Robert Bosch et al 07-cv-935 (SAS); Stadman et al v.
ANTO 07-cv-3881 (SAS) and Ferk et al v. Omniglow et al 07-cv-4104 (SAS)*

Dear Judge Scheindlin:

I write to object to Your Honor's actions from June 18, 2007 to the present.
I write in my name as Austrian lawyer and in the name of my clients, I represent.
This is Sidonia, Gregor and Roman Scharwitzl,
Paul Peter, Erika, Kurt and Paul Mitterberger,
Barbara Galjot,
Zdenko, Anja and Angela Levart,
Hubert and Mag. Marianne Konrad,
Dragica and Rastko Ferk.

Your Honor has issued numerous Orders which have been appealed to the 2nd Circuit.
Notwithstanding these appeals, Your Honor continues to attempt to compel Foreign
Kaprun to take actions in the District Court.

One of the Orders purported to impose a deadline of October 16, 2007 within which
Foreign Kaprun victims and survivors were to notify the District Court of their intention
to continue the litigation or their suffer the consequences that the claims would be
dismissed.

We do not understand Your Honor's actions and we object to same.  We have also
repeatedly informed the District Court that we intend to prosecute these claims and that
we intend to do so after the 2nd Circuit has ruled on the issues presented in the Appeals.

On June 19, 2007, Your Honor dismissed the claims of the Foreign Kaprun victims and
survivors. On July 9, 2007, the Court directed the Clerk to enter a final judgment
dismissing the Foreign Kaprun victims and survivors.

We object to the District Court's actions and urge the District Court to stop taking actions
that continue to prejudice and purport to require Foreign Kapun victims and survivors to
take actions in the District Court while the Appeals are pending.

Respectfully submitted,

Dr. Herwig Hasslacher
Rechtsanwalt
Hauptplatz 25, A-9500 Villach
T+43/0(4242/219399, F+43/0(4242/219388

# EXHIBIT   11

# OCHANOMIZU LAW AND PATENT OFFICE

Prof. Dr. TOICHIRO KIGAWA
Gastprofessoren:
Prof. Dr. Dr. h.c. Akira ISHIKAWA
Prof. Dr. Saburo KUWATA
Prof. Dr. Dr. h.c. Taira FUKUDA
Rechtsanwalt Shiro IWATSUKI, LL.M.
Prof. Dr. Natsuko KOJIMA, LL.M.

**INSTITUT zur UNTERSUCHUNG des DEUTSHEN RECHTS**

DAISAN DAIMARU BLDG. 5F
3-22, KANDA OGAWAMACHI,
CHIYODA-KU,
TOKYO, 101-0052 JAPAN
TEL: 03 (3291) 6651
FAX: 03 (3291) 6655
E-mail: office@kigawa.org

Via Fax (212) 805-7920
Hon. Shira A. Scheindlin USDJ
United States District Judge
500 Pearl Street, Chambers 1620
New York, NY 10007

> Re: *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000 – 01-md-1428 (SAS);*
> *Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS); Geier et al v. Omniglow et*
> *al 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811*
> *(SAS); Mitsumoto et al v. Robert Bosch et al 07-cv-935 (SAS); Stadman et al v.*
> *ANTO 07-cv-3881 (SAS) and Ferk et al v. Omniglow et al 07-cv-4104 (SAS)*

Dear Judge Scheindlin:

I write, in my name as Japanese lawyer and in the name of Japanese Kaprun victim families, whom I represent, to object to Your Honor's actions from June 18, 2007 to the present.

Your Honor has issued numerous Orders which have been appealed to the 2nd Circuit. Notwithstanding these appeals, Your Honor continues to attempt to compel Foreign Kaprun to take actions in the District Court.

One of the Orders purported to impose a deadline of October 16, 2007 within which Foreign Kaprun victims and survivors were to notify the District Court of their intention to continue the litigation or their suffer the consequences that the claims would be dismissed.

We do not understand Your Honor's actions and we object to same. We have also repeatedly informed the District Court that we intend to prosecute these claims and that we intend to do so after the 2nd Circuit has ruled on the issues presented in the Appeals.

On June 19, 2007, Your Honor dismissed the claims of the Foreign Kaprun victims and survivors. On July 9, 2007, the Court directed the Clerk to enter a final judgment dismissing the Foreign Kaprun victims and survivors.

We object to the District Court's actions and urge the District Court to stop taking actions that continue to prejudice and purport to require Foreign Kapun victims and survivors to take actions in the District Court while the Appeals are pending.

Respectfully submitted,

Tokyo, Oct. 16, 2007

Prof. Dr. Toichiro Kigawa

-------------------------
Appendix C - 88

# EXHIBIT   12

Damit Sie Recht bekommen



Via Fax (212) 805-7920
Hon. Shira A. Scheindlin USDJ
United States District Judge
500 Pearl Street, Chambers 1620
New York, NY  10007

> Re:  *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000 - 01-md-1428 (SAS);*
> *Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS); Geier et al v. Omniglow et*
> *al 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811*
> *(SAS); Mitsumoto et al v. Robert Bosch et al 07-cv-935 (SAS); Stadman et al v.*
> *ANTO 07-cv-3881 (SAS) and Ferk et al v. Omniglow et al 07-cv-4104 (SAS)*

Dear Judge Scheindlin:

I write – in my name as Austrian lawyer and in the name my clients, the German
Survivors, whom I represent, these are 9 people and as Austrian lawyer of Joop Stadman
- to object to Your Honor's actions from June 18, 2007 to the present. In case you need
the full names of my clients I can send you a list of my clients. If you really don't know
who I am as you gave to protocol on 28th of September 2007. please check your protocols
I was already personal present in your Courtroom in the Kaprun Case.

Your Honor has issued numerous Orders which have been appealed to the 2nd Circuit.
Notwithstanding these appeals. Your Honor continues to attempt to compel Foreign
Kaprun to take actions in the District Court.

One of the Orders purported to impose a deadline of October 16, 2007 within which
Foreign Kaprun victims and survivors were to notify the District Court of their intention
to continue the litigation or their suffer the consequences that the claims would be
dismissed.

I and my clients do not understand Your Honor's actions and me and my clients object to
same. I and my clients have also repeatedly informed the District Court that we intend to
prosecute these claims and that we intend to do so after the 2nd Circuit has ruled on the
issues presented in the Appeals.

On June 19, 2007, Your Honor dismissed the claims of the Foreign Kaprun victims and
survivors. On July 9, 2007, the Court directed the Clerk to enter a final judgment
dismissing the Foreign Kaprun victims and survivors.

We object to the District Court's actions and urge the District Court to stop taking actions
that continue to prejudice and purport to require Foreign Kaprun victims and survivors to
take actions in the District Court while the Appeals are pending.

Respectfully submitted,

------------------------------
Appendix C - 89

# EXHIBIT   13

From: NYSD_ECF_Pool@nysd.uscourts.gov
To: deadmail@nysd.uscourts.gov
Subject: Activity in Case 1:01-md-01428-SAS-THK In Re: Ski Train Fire, et al v. , et al Order
Date: Wed, 24 Oct 2007 2:36 pm

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**United States District Court for the Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 10/24/2007 at 2:32 PM EDT and filed on 10/24/2007
**Case Name:**      In Re: Ski Train Fire, et al v. , et al
**Case Number:**    1:01-md-1428
**Filer:**
**Document Number:** 338(No document attached)

**Docket Text:**
ORDER... Because plaintiffs' notices of appeal were filed by disqualified counsel, the effect of the appeal is questionable. Nonetheless, in light of the dismissal of these actions for forum non conveniens as well as plaintiffs' noncompliance with the Disqualification Order by failing to retain counsel within thirty days of the Order or to notify the Court of their intention to appear pro se within sixty days of the Order, the Court deems plaintiffs' motion for reconsideration to be moot and withdrawn. Moreover, for the same reasons, the Court will not address any remaining motions that were filed by plaintiffs' former counsel and are currently pending in this Court. Accordingly, the Clerk of the Court is directed to close the following motions: [Document Nos. 305, 309, 313, 315, 324]. This Document relates to 01md1428, 03-8960, 03-8961, 06-2811, 07-935 (entry with its own document no.), 07-3881, 07-4104 re: (313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration re; Clerk's Judgment, *and for Other Relief.* filed by Masatoshi Mitsumoto, (315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK) MOTION to Amend/Correct. MOTION to Intervene. MOTION to Preclude. MOTION for Reconsideration. filed by Carol Baker, Dick Baker, John S. Habblett, Rudolf Kern, Masatoshi Mitsumoto, Suzanne K. Habblett, Angela Kern, (324 in 1:01-md-01428-SAS-THK) MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi filed by Masatoshi Mitsumoto, (305 in 1:01-md-01428-SAS-THK) MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the Record, Motion for Intervention Pursuant to FRCP 24 (b) and M MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the Record, Motion for Intervention Pursuant to FRCP 24 (b) and M MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the Record, Motion for Intervention Pursuant to FRCP 24 (b) and M MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the

# EXHIBIT  14

law.com Law Dictionary

Law.com Home    Newswire    LawJobs    CLE Center    LawC



**Enter a Legal Term:**

3 **Easy Ways to use the Dictionary**

sua sponte

◌ all words    ◌ any words    ◉ phrase

Look It Up!

## sua sponte

: (sooh-uh spahn-tay) adj. Latin for "of one's own will," meaning on one's own volition, usually referring to a judge's order made without a request by any party to the case. These include an order transferring a case to another judge due to a conflict of interest or the judge's determination that his/her court does not have jurisdiction over the case.

EXHIBIT   15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

FAGAN, et al,

                     **PLAINTIFFS**

      - vs -

LOWY, et al

                   **DEFENDANTS.**

-------------------------------------------------------X

:
:
:
:
:
:
:
:
:

**CIVIL ACTION
07-CV-10293 (SAS)**

---

## MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF

---

**PLEASE TAKE NOTICE** that the below referenced Plaintiff will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin, for, among other things, and Order

    (i)     To seal certain papers in this case;

    **(ii)**    For Extension of Time to File Motions for Remand and for Recusal;

    (iii)    For Expedited Pre-Motion Conference Related to Motions; and

    (iv)    For such other relief as is just and equitable.

1

**PLEASE TAKE FURTHER NOTICE** that Plaintiff make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the Southern /Eastern Districts of New York

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiff will rely upon Declaration and Statement of Authorities of Edward D. Fagan, together with supporting Exhibits.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District and/or at such other date as may be set by the Court.

Dated: December 13, 2007
New York, NY

/s/ Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel. (646) 378-2225
Fax (646) 304-6446
Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF**

to be electronically filed with the Clerk of the Court and served upon counsel of record.

A courtesy copy of the papers with the moving papers have been forwarded to the Honorable Shira A. Scheindlin, USDJ.

An additional copy is electronically, faxed and/or served and to Defendants' counsel of record.

Dated:  December 13, 2007
      New York, NY

/s/ Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------X
FAGAN, et al,                              :
                         PLAINTIFF         :        CIVIL ACTION
                                           :        07-CV-10293 (SAS)
     -   vs -                              :
                                           :
LOWY, et al                                :
                                           :
                         DEFENDANTS.       :
---------------------------------------------------------------X
```

## AFFIDAVIT AND STATEMENT OF AUTHORITIES IN SUPPORT OF MOTION MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF

Edward D. Fagan, hereby declares and says:

1. I am listed as Plaintiff in the above referenced matter.

### RELEVANT FACTS

2. This Motion is filed because Mr. Lowy and his counsel Mr. Perle are improperly disclosing Confidential, Attorney Client, Work Product and other privileged communications in which Litigation Strategy, appellate strategy, strategy as to how to deal with this Court in the matters entitled *In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK);*

1

*and Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

*(hereinafter collectively referred to as "The Kaprun Cases").*

3. Such disclosure has and continues to prejudice innocent Kaprun victims and survivors claims in this Court and appeals.

4. Further, Mr. Lowy and Mr. Perle have misrepresented to Your Honor and to named Defendants Robert Hantman and Hantman & Associates[1] certain matters in Notice of Removal as originally filed and statements made in the Case Information Statement.

5. Kaprun victims and survivors objected to Mr. Lowy's actions from Sept. – Oct. 2007, which led to the filing of the original complaint.   Those communications contain confidential information and samples of them will be provided in support of Plaintiffs' Motion for Recusal, if such a Motion is necessary[2].

6. When Messrs. Lowy and Perle improperly disclosed the Confidential and Privileged Communications, certain Kaprun victims and survivors and I commenced an independent action against them in New York State Court entitled *Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy Esq., International Law Group LLC, Florida Law Group LLC, Michael R. Perle Esq. and Michael R. Perle PC*, Index # 07-115473 (filed November 19,

---

[1] I have obtained independent verification from Mr. Hantman that he was not informed of Messrs. Lowy and Perle's intention to disclose Confidential and Privileged Information, he did not agree with or believe that this matter relates to the Kaprun litigation. *Copies of communications between Mr. Hantman and me confirming this are being submitted for the Court's in camera inspection and should be sealed are marked as Exhibit 1.*  Mr. Hantman and I have agreed that once this case is remanded to the State Court, where it belongs, he and his firm will be voluntarily dismissed.

[2] Under separate submission, Kaprun victims and survivor plaintiffs, their European and Japanese Cooperating Counsel and/or representatives and I are moving the Court in The Kaprun Cases for Relief Pursuant to FRCP 60 (b) (2) (3) and (6) – to vacate the Court's Aug. 16, 2007 Opinion & Order, and 28 USC §§ 144 and 455 – to have the Court disqualify itself, as well as pursuant to Local Rule 50.4. *A copy of the Pre-Motion Conference letter is attached as Exhibit 2.*

2

2007).  The Summons and Complaint are out for service and it should be served within the next few days.  *See a copy attached as Exhibit 3.*

7.  The complaint is predicated upon negligence and malpractice, including unauthorized disclosures of confidential and privileged materials, with reckless disregard to the consequences and the damages caused to clients, former clients and persons to whom Messrs. Perle and Lowy and their firms owed duties of care. The causes of action are as follows:  Count I - Negligence, Count II - Breach of Contract or Fiduciary Duty, Count III – Malpractice and Count IV – Injunction. *See Exhibit 3.*

8.  Neither this Complaint, nor the newly filed Complaint belong in Federal Court and they certainly do not belong before Your Honor.   And they certainly do not belong in front of any Judge who will ultimately be responsible for the adjudication of the future Motions and claims related to The Kaprun Cases.

9.  The proofs and evidence that will be disclosed in support of these claims and which need to be considered by the Judge who presides over and ultimately hear the instant case, and who will direct the ultimate triers of fact, i.e. the jury, will require disclosure of additional Confidential, Attorney Client, Work Product, Settlement and Litigation documents as they relate to The Kaprun Cases, and which should never be reviewed by the Judge who presides over and ultimately hears the future Motions and Claims, and who will direct the ultimate triers of fact, i.e. the jury, in the Kaprun Cases.

3

10. Your Honor's acceptance of the instant action as "related" to The Kaprun Cases forms a part of the Motion for Your Honor to Recuse Yourself from both cases and from consideration on all Motions in these cases.

11. The need to seal and/or mark as *"Confidential - Attorneys Eyes Only"* is necessary to protect the innocent Kaprun victims and survivor plaintiffs whose cases continue in the District Court and the Court of Appeals and which can be prejudiced if Defendants in The Kaprun Cases were to be able to access these documents.

12. The request for a reasonable extension of time to file the Motions for Remand and the Motion for Recusal is appropriate and should be granted because it will serve to promote conservation of judicial economy and avoid what I respectfully submit will be unnecessary Motion practice that may in fact be obviated through the Pre-Motion Conferences and the Court's consideration of the separate submissions demonstrating the authority and need for the Court's recusal in The Kaprun Case.

13. For purposes of this Motion, and as set forth in *Exhibit 2*, the ones who are suffering as a result of Messrs. Lowy and Perle's actions are innocent Kaprun victims and survivors.

14. The evidence will show that Mr. Lowy misrepresented his authority to Your Honor from mid-September 2007 to present in relation to The Kaprun Case and then when his improper and unauthorized actions were discovered he embarked on a campaign to protect himself at the expense of the Kaprun victims and survivors. Those documents should only be submitted under seal after the Court has granted this Motion.

4

## STATEMENT OF AUTHORITY

15. The right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute.

16. In limited circumstances, courts must deny access to judicial documents — generally where open inspection may be used as a vehicle for improper purposes. *See, e.g., Nixon, 435 U.S. at 597, 98 S.Ct. at 1311-12 (citing to In re Caswell, 18 R.I. 835, 29 A. 259 (1893) (court can insure that its records are not used to promote public scandal), Schmedding v. May, 85 Mich. 1, 48 N.W. 201, 202 (1891) (court refused to permit its records to be used as sources of business information that might harm litigant's competitive standing).*

17. The public's right of access is *"not absolute"* and must be weighed against the litigants interest in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).*

18. The Court must determine the nature of the materials at issue, the legitimate private or public interest which warrants sealing, the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available. *See Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).*

19. The issues and facts related to this motion are extremely sensitive and should not be discussed in open court or in filings available to the public.

20. Public access to this information would be detrimental to innocent clients claims in The Kaprun Cases.

21. The Defendants in The Kaprun Cases are not entitled to see the documents that will be produced as it would be prejudicial to pending cases, resolution of motions and disposition of appeals.

22. The issues related to this Motion should be ruled upon quickly because the disposition of this Motion relates to and will impact the outcome of the pending motions, affects my ability to file the necessary Stipulations of Dismissal, file additional responses, replies, documents and evidence and other matters.

23. FRCP 16 provides the Court with broad authority upon which to convene a Conference to consider Movants' application.

24. The Notice of Removal was filed on November 13, 2007.

25. Pursuant to *28 USC § 1447 (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise . . . and . . . (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days.*

26. The time within which to move to remand expires on December 13, 2007.

27. There is good cause to remand the case to the State Court. The claims themselves are predicated on negligence or tortious interference or malpractice. Plaintiffs are not seeking to impose any criminal penalty and the interference with mail or the interception of electronic data was part of the wrongful state acts not Federal causes of action. In addition, the new claims show that the claims between me and Mr. Lowy and his firm belong in State Court and they certainly do not belong before this Court. The Court's accepting this case as being related

6

to The Kaprun Case demonstrates the Court's bias and prejudice and creates further conflicts and problems in and for The Kaprun Cases.

28. Pursuant to FRCP 6 (b) the Court may – for good cause shown - extend the time prescribed by the rule or statute so long as the request is made "before the expiration of the period originally prescribed".

29. The time within which to move to remand the Case expires on December 13, 2007, Plaintiffs' Motion and request for an extension of time and for other relief was made before the expiration of the time pursuant to Local Rule 6.1 (b) and in accordance with FRCP 6 (b).

30. This is the first request for an extension of time by Plaintiff and there is no prejudice to Defendants if the Court grants Plaintiffs' extension or the relief requested. On the contrary in light of the newly filed State Court action, and the issues raised in the Pre-Motion letter being submitted in relation to The Kaprun Case, the evidence as submitted by Defendant Hantman demonstrating the Messrs. Lowy and Perle's improper actions and unauthorized disclosures, the extension of time will promote judicial expedition and economy and avoids prejudice to the parties, counsel, the Court and innocent third parties in The Kaprun Case.

## CONCLUSION

31. For these reasons, Plaintiff requests the Court grant the Motion in its entirety.

| Dated: | December 13, 2007<br>New York, NY | /s/ Edward D. Fagan (electronically signed)<br>Edward D. Fagan, Esq. |
|--------|-----------------------------------|----------------------------------------------------------------------|

7

EXHIBIT   16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD D. FAGAN, ESQ.,

Plaintiff,

vs.

JAMES F. LOWY, ESQ., INTERNATIONAL
LAW GROUP, LLC, ROBERT HANTMAN,
ESQ., and HANTMAN & ASSOCIATES, and
JOHN DOES/JANE DOES 1-5,

Defendants.

---

X

07 CV 10293

07 CV _____ (    )

_____

**NOTICE OF REMOVAL**

---

X

To      Clerk, United States Court for the
Southern District of New York
United States Court House
500 Pearl Street
New York, NY 10007-1312

Hon. Jane S. Solomon
Supreme Court of New York, IAS Part 55
60 Centre Street
New York, N.Y. 10013

Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001

PLEASE TAKE NOTICE that:

a.      The Matter to Be Removed. Defendants James F. Lowy, Esq. ("Lowy"),
International Law Group, LLC ("ILG"), Robert Hantman, Esq. ("Hartman"), and Hantman
& Associates (collectively "Hantman Defendants") pursuant to the Removal Statute, 28
U.S.C.A. §§ 1441(b), 1446 and the All Writs Act, 28 U.S.C.A. § 1651(a), hereby remove

---

*Fagan v. Lowy, et al, Notice of Removal, November 13, 2007, Page 1*

# EXHIBIT  17

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, New York, NY 10001
Tel # (646) 378-2225, New Fax # (646) 304-6446
New Email Address: ed.fagan@global-litigation-partners.com

Thursday 13 December 2007

*Via Fax (212) 805-7920*
Honorable Shira A. Scheindlin USDJ
United States District Court - Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY 10007

Re:  *In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK);
Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et
al, 03-CV-8961 (SAS)(THK): Mitsumoto et al v. Republic of Austria et al, 06-CV-2811
(SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK);
Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK): and
Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

Honorable Judge:

After almost seven (7) years of ongoing motion practice in Your Honor's Court, I write to
request an expedited Pre-Motion Conference pursuant to Your Honor's Individual Rules III. A.
The Motions I intend to bring are Pursuant to FRCP 60 (b) (2) (3) and (6) – to vacate the Court's
Aug. 16, 2007 Opinion & Order, 28 USC §§ 144 and 455 – to have the Court disqualify itself, as
well as pursuant to Local Rule 50.4.

The purpose of the Pre-Motion Conference is for the Court to immediately vacate the Aug. 16,
2007 Order, reinstate the cases and to have all the cases and the Motions themselves immediately
reassigned for consideration by a randomly assigned Judge.

I am joined in making this application by European and Japanese Cooperating Counsel and/or
victim and survivor family representatives, including Dr. Bernd Geier, Dr. Ivo Greiter, Dr.
Toichiro Kigawa, Dr. Gerhard Podovsovnik, Dr. Ulrich Schwab and others[1]. I am also joined in
this application (and limited at present to this Motion) by Robert Hantman Esq.[2]

It is now a matter of public record that Your Honor does not believe anything Plaintiffs
themselves, or European and Japanese Cooperating Counsel, foreign Kaprun survivor and
victims family representatives and I have repeatedly told the Court about spoliation of evidence
or the importance of proffered testimony, especially the testimony of former GBK employee
Georg Schwartz and wife of deceased GBK engineer Ms. Maria Steiner who testified about
destruction, concealment, witness intimidation and efforts to prevent investigating authorities
from gaining access to evidence.  *See Court's Aug. 16, 2007 Opinion.*  Your Honor dismissed
proffered evidence of such acts related to spoliation at the July 11, 2007 Conference. *See
excerpts from the July 11, 2007 Hearing transcript.*

Your Honor refused to accept independently documented and admitted facts of spoliation and
concealment of evidence and interference with witnesses by GBK and others. *See excerpts from*

---

[1] Additional counsel may join but given the urgency of this application, we are submitting the letter without them
and they can join later.

[2] Former Co-Counsel James Lowy Esq. is not part of this application.

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 3*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11. 2000, MDL # 1428 (SAS)(THK); Blaimauer*
*et al v. Omniglow et al, 03-CV-8961*
*et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

------------------------

Johannes Stieldorf on April 25, 2007 and former Omniglow employee Richard Rosa on June 6, 2007. *See excerpts from July 11, 2007 transcript.* Another example relates to Your Honor's refusal to recognize the errors committed in its rush to issue the June 19, 2007 Opinion and Order. Another example relates to Your Honor's refusal to *sua sponte* reverse itself despite the uncontradicted evidence of the Dr. Greiter June 20, 2007 Declaration and Defendants failure to respond to the Court's inquiries about the fact that there is no forum for Plaintiffs' claims in Austria. *See July 11, 2007 transcript excerpts.* Still another example relates to Your Honor's improper refusal to recognize the status of persons such as Dr. Bernd Geier, Dr. Herwig Hasslacher, Dr. Toichiro Kigawa, Dr. Gerhard Podovsovnik and Dr. Ulrich Schwab and improper denial or delay of certain Motions and entry of Orders based on blatant errors of fact and law or misrepresentations. *See July 11, 2007 Transcript excerpts and Oct. 24, 2007 Order.* Yet another example, is Your Honor's improper refusal to recognize Retainer Agreements, Authorizations and Affidavits that were repeatedly submitted demonstrating my authority to act on behalf of Plaintiffs and the fact that there was never a conflict between Plaintiffs and me. *See prior Authorizations from Drs. Geier, Hasslacher, Kigawa, Podovsovnik and Schwab addressed at the May 2007 Hearing.*

From April 25, 2007 to present, as European and Japanese Kaprun victims and/or survivors' counsel and/or authorized representatives and various US counsel, myself included, sought to point out the Court's mistakes, Your Honor retaliated in what could be construed as an effort to protect the Court's errors from being discovered and to insure the dismissal of the cases.

On Sept. 28, 2007, the Court held a Conference with Kaprun victims and survivors supposedly being represented by James Lowy Esq., a lawyer who the Court knew (i) had not complied with the Court's Aug. 16, 2007 Order and (ii) had not demonstrated his authority to act (in fact he had no authority to act). In that Conference, Your Honor's bias and prejudice against me and the merits of the appeals and/or Plaintiffs' claims again manifest themselves in the inappropriate comments and willingness to let a knowingly un-retained counsel who had failed to comply with Your Honor's orders, to proceed to take actions and make impermissible statements on behalf of foreign Kaprun victims and survivors. *See excerpts from Sept. 28, 2007 transcript.*

The above are but a few examples of the reasons why the foreign Kaprun victims and survivor Plaintiffs, as represented by European and Japanese Cooperating Counsel, and foreign Kaprun survivor and victims family representatives, Mr. Hantman (on this limited basis) and I believe Your Honor (i) should vacate the Court's orders since June 19, 2007, (ii) permit the filing of certain future Declarations and evidence under seal, and (iii) inform the Chief Judge that all future proceedings in these cases, including consideration of the Rule 60 (b) Motions to be filed, should be reassigned to another randomly assigned Judge.

Among the factors that should be considered by an impartial Judge in the upcoming Rule 60 (b) Motions are the German Prosecutor's and Court's Official Findings issued on Sept. 25, 2007 that GBK, officials of Republic of Austria, persons involved with the Austrian Criminal Court

------------------------
Appendix C - 31

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 4*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer*
*et al v. Omniglow et al. 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al. 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

---------------------------

process, including certain "experts" assigned to the case, who allowed or caused the destruction of evidence that led to an improper outcome in the Austrian Criminal Trial. Such findings are precisely what witnesses Schwartz and Steiner, European and Japanese counsel and Kaprun victims, survivors and/or representatives and I tried to tell Your Honor. These findings are exactly what were explained to Your Honor in the multiple submissions related to the Rule 60 (b) Motion against GBK and others. The un-controverted facts also show (i) why the June 19, 2007 Order in which Your Honor concluded that Austria was an adequate alternate forum and (ii) why many of the "facts" or conclusions in the Aug. 16, 2007 Order upon which Your Honor concluded that I should be disqualified and then sanctioned were erroneous. *See excerpts from Aug. 16th Order related to Schwartz and Steiner depositions and GBK destruction of evidence.*

These issues alone should be sufficient for Your Honor to recognize that *vacatur* of the prior Orders and recusal is the only way to insure that all future Motions, filings and ultimately the trial proceedings of Kaprun victims and survivors, as well as Defendants, will receive fair, impartial and unbiased consideration based on the merits and the objective evidence.

Another important factor that will be submitted in support of the Motion is that despite the Sept. 25, 2007 Official Findings of the German Prosecutor and Court related to confirmed destruction, spoliation and concealment of evidence by GBK and others, the Austrian Criminal Process will not be re-opened. No action will be taken against GBK and the others involved with the concealment and spoliation of evidence. In Austria, Kaprun victims and survivors have no independent cause of action for destruction, spoliation and concealment of evidence as they have in the US and therefore they can only pursue this cause of action in New York. That fact raises yet another insurmountable obstacle to Kaprun victims and survivors' ability to get a fair trial, and impartial consideration of motions, with counsel of their choice, given the Court's history of bias, prejudice and improper pre-judging (albeit incorrectly) of the merits of their claims and supporting arguments since April 2007.

The Aug. 16, 2007 Order „pre-judged" Kaprun victims and survivors Motion for Reconsideration, confirmed its bias against their claims, their Cooperating Foreign counsel and me. The Court did this by stating that the actions taken on behalf of Kaprun victims and survivors satisfied the standards for imposition of sanctions and denial of motions because the Court wrongly concluded that *"bad faith test facts related to several insupportable bias recusal motions . . . repeated motions to reargue and continually engaging in obfuscation of issues, hyperbolism and groundless presumptions in addition to insinuating the court [is] biased . . were met. See excerpts from Aug. 16, 2007 Order.* The Court's bias against me was further demonstrated by references to *"alimony and child support"* issues the inclusion of which I submit was unnecessary and inappropriate. *See excerpts from Aug. 16, 2007 Order.* Your Honor's inclusion in the Aug. 16, 2007 Order of language in which Your Honor was publicly referring *"this matter to the Court's Disciplinary Committee"* was similarly unnecessary and potentially tviolative of Local Rules about *"complaints"* to Court's Committee on Discipline and confidentiality provisions of *Local rule 1.5 (d) (3).*

---------------------------

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 5*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000. MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et al, 03-CV-8961*
*(SAS)(THK): Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK): Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK): Stadman et al v. Austrian National Tourist Office*
*et al 07-CV-3881 (SAS)(THK): Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

--------------------------

Your Honor 's Aug. 16, 2007 Opinion and Order to disqualify me, in a Motion that had been previously and expressly mooted, and in which Your Honor openly proclaimed that you were reporting me to the Disciplinary Committee of this Court, caused the issues between us to be more than just a lawyer with whom the Court had differences. Your Honor became an adversary not just against me but against the Kaprun victims and survivors' for whom the Court was to be impartial.

Your Honor also become a witness in relation to whatever may or may not occur in the Southern District Disciplinary Committee based on Your Honor's public referral and "complaint", pursuant to Local Rule 1.5 (d) (4).

The Court's opinions about me are/were factually and legally wrong. The Court's negative opinions about my alleged motives, interests, conflicts and abilities to litigate these claims are/were also wrong and were made without proper findings of fact and/or are/were unsupported by objective facts. When Your Honor raised your voice and made improper comments about or directed at me at the April 25, 2007 Conference and then again at the July 11, 2007 Conferences, I should have made an immediate record of such inappropriate actions. *See Exhibit attached.* When Your Honor accused me of *"hullicinating"*, and suggested that I committed a *"felony"*, out or respect for the Court, I held my tongue. I did not at that time on the record but I do have witnesses who will come forward at the appropriate time. When Your Honor accused me of committing "crimes", I should have responded forcefully and immediately. When Your Honor behaved in challenged my motives I should have challenged the Court. When Your Honor behaved in ways that have been reported about Your Honor's conduct in the 2007 publication, Vol, 1 of the Almanac of Federal Judiciary, I should have made an instantaneous record. *See Exhibit .*

Perhaps as the Court sought to attack me, I should have responded more aggressively. I chose not to do so in the hopes that my silence would protect my clients' claims. Again I was wrong. I should have spoken up before now. I should have proudly reminded the Court that I have devoted my life's work to the fight for victims' justice. I have not won every Court case but I have always litigated the cases and at time even against some of the biggest firms in the world. In particular, have spent the last 12 years of my life for fighting victims' many of whom had no one but me to fight for them. And, I spent the last 7 years of my life fighting for Kaprun victims and survivors. As an officer of the Court with over 25 years of experience I have always tried to show my respect for the Judiciary, respect for the institution of the Court and respect for Your Honor. I did so even as Your Honor attacked me. I believed that if I held my tongue and restrained my clients' from speaking out, that Your Honor would come to her senses and realize how wrong you were and see the objective evidence that was being presented to you. I was wrong and the issues can and should no longer be restrained.

Kaprun victims and survivors are in *extremis*. Your Honor's actions are making matters worse. It is therefore now incumbent upon Kaprun victims and survivors, my colleague European and

--------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 6*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000. MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al. 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al. 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al* 07-cv-4104 (SAS)(THK)

-----------------------------

Japanese counsel and the victim and survivor family representatives and me to take these actions. With this evidence and record, Kaprun victims and survivors have to withstand lengthy appeals process just to show Your Honor's decisions since April 2007 must be vacated.  Some Kaprun victims and survivors have suffered strokes, heart attacks, others contracted diseases or debilitating physical and/or emotional illnesses, others are diagnosed with cancer, others suffer from difficult financial circumstances and have difficulty sustaining themselves and their families, other families live at poverty level, having lost businesses or primary person supporting the family, and all families are permanently traumatized for the rest of their lives due to the Kaprun disaster.  Their situation calls for immediate action and I submit the first step is the Court granting the relief sought herein.

Your Honor's comment in the Sept. 28, 2007 Telephone Conference in which you stated to Defendants' counsel *"see you next year"* - an obvious reference to how long the appeals process would take - demonstrated the type of callous indifference to the Kaprun victims claims that I submit led or contributed to years of confusion and delay in bringing these cases to conclusion. Instead, of moving the cases forward, the Court choose to simply attempt to send Kaprun victims and survivors claims to Austria where as the Court knows,  the cases are *"dead on arrival"*.

The Kaprun victims and survivors cannot and should not have to wait any longer for the justice and due process, that has been deprived them, in no small part by Your Honor's bias, prejudice, extra-judicial contacts, and legally and factually erroneous rulings.

After April 25, 2007, Your Honor's opinions of the claims and counsel were tainted, biased and prejudiced against Kaprun victims and survivors. Your Honor's duty was to expedite resolution of the claims after impartial consideration of objective evidence properly before the Court. However, that is not what happened. Your Honor formed certain beliefs including how to force a settlement of the cases. Then Your Honor sought to impose these beliefs on Kaprun victims and survivors. Your Honor did this by entering Orders that were unsupported by objective facts and law.   Your Honor formed these erroneous beliefs after entertaining extra-judicial contacts with non-party hostile witness Dr. Johannes Stieldorf. Dr. Stieldorf sought to and did in fact poison Your Honor's mind toward the merits of Kaprun victims and survivors' claims and to motives of everyone else in the case – except of course his own motives.  As a result of these extra-judicial and improper contacts, Your Honor took actions to force Kaprun victims and survivors with legitimate claims in the United States to have to go to Austria, which the Court knew provided no forum.  The Court did this because that is where the extra judicial and hostile witness Stieldorf told Your Honor that Kaprun victims and survivors would be better off.  Your Honor's actions since April 2007 can be traced directly to these extra-judicial contacts with this particular non-party hostile witness and to the misleading and prejudicial information he provided to the Court.  The Sept. 25, 2007 official findings of the German Prosecutor and Court also support Kaprun victims and survivors' prior statements that the information given to Your Honor in these extra-judicial contacts were false and should never have been considered.

-----------------------------

## EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 7*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer*
*et al v. Omniglow et al. 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al. 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

--------------------------------

Declarations can be submitted to show how Court decisions since April 2007 were based on/influenced by information the Court should never have considered. Declarations can also be submitted to show how Your Honor's improper and erroneous rulings appear to have been an attempt to force the parties to discuss settlement in Austria rather than to deal with the US claims in the Court where they were pending and based upon applications made to compel the parties to return to Judge Katz or to have a Special Master appointed. *See excerpts from Aug. 2006 Hearing and Feb. 2007 Motions related to appointment of a Special Master.*

The Kaprun claims have been a procedural nightmare that could have been cured had the Court issued proper and formal consolidation and kept track of pending Motions and remembered what happened from one Conference to another. The problems were compounded by Your Honor's failure to recall rulings made, delay in the entry of rulings, failure to issue formal rulings and findings of fact, failing to understand the authority and standing given pursuant to Powers of Attorney, indulging Defendants in filing piecemeal and duplicative Motions and failing to cause rulings to be entered and properly docketed in all cases. *See excerpts from Dockets.*

At the beginning of the Kaprun cases, I believed Your Honor was capable of putting the best interests of Kaprun victims and survivors, and indeed all parties' rights, ahead of other issues. Until April 2007, the Court demonstrated no bias or prejudice against Kaprun victim and/or survivor claims, European and Japanese Cooperating Counsel or victims and/or survivors representatives or me. However, in the last year, Your Honor's actions were filled with bias, prejudice and an inability to impartially consider objective evidence or to move the cases.

These cases could and should have been over by now or at least assigned out for trial. I submit that they can still be over or assigned out for trial in less than one (1) year. However, that can only happen, if Your Honor immediately recuses herself so that an independent Judge can proceed with the vacatur of Your Honor's rulings and setting the cases down for trials.

Authority for the Court's recusal was provided in support of prior Recusal Motions pursuant to 28 USC §§ 144 & 455, copies of which are incorporated herein by reference. *See Affidavits of Bias by Dr. Bernd Geier, Dr. Toichiro Kigaw filed in June, July and Aug. 2007.* Based on the new facts and evidence mentioned above, and Your Honor's actions since Aug. 16, 2007, additional authority for Your Honor's recusal can be found in the following cases. *See Sobel v. Yeshiva University 839. F. 2d 18, 37 (2nd Cir. 1988). In Re Neuman. 124 B. R. 155, 160 (S.D.N.Y. 1991 – Judge Wood); Davis & Cox v Summa Corp. 751 F.2d 1507. 1523-1524 (9th Cir. 1985); Matter of Yagman 796 F. 2d 1165, 1187-1188 (9th Cir. 1986); and Standing Committee v. Yagman 55 F.3d 1430, 1442-1445 (9th Cir. 1995).*

With the evidence since April 2007 and as reinforced by the Sept. 25, 2007 Official Findings of German Prosecutor, Plaintiffs European and Japanese Cooperating counsel and/or Kaprun victims, survivors and/or their representatives and I are now ready to speak out against what we all believe are/were Your Honor's improper actions. On behalf of us all, I submit the conclusion

--------------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 8*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK): Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK): Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK): Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK): Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK): Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

-----------------------------

of the 9th Circuit in *Standing Committee v. Yagman, supra*, is instructive.  In reversing sanctions against attorney Yagman imposed by District Judge Real, the 9th Circuit panel stated:

> *We can't improve on the words of Justice Black in Bridges, 314, US at 2701-71, 62 S.Ct. at 197-98 (footnote omitted):*
> *The assumption that respect for the judiciary can be won by shielding judges from public criticism wrongly appraises the character of the American public opinion.  For it is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions.  And, and enforced silence, however limited, solely in the name of preserving the dignity of the bench, would probably engender resentment, suspicion and contempt much more than it would enhance respect.*
>
> See *Standing Committee v Yagman, supra* at page, 1445.

We submit that the objective evidence shows that Your Honor has been wrong since April 2007. We further submit that the evidence also shows that Your Honor rulings were fashioned around or predicated upon an inappropriate opinion of how to get rid of the cases and opinions of what is/was in the best interests of the Kaprun victims and survivors, and also depriving them of due process.  Such decisions were not Your Honors to make, they were not within the scope of Your Honor's authority as the trial judge in these cases and they were contrary to the facts, evidence and objective record and history of these cases.

For all the above reasons, Your Honor simply should not sit on any of these cases.  Your Honor should simply recuse herself now without forcing the Kaprun victim and survivor plaintiffs and their representatives, the European and Japanese Cooperating Counsel, Mr. Hantman and I to renew the Recusal Motion based on these new facts and circumstances.

This suggestion is made so the parties can avoid the lengthy and increasingly frustrating process of having to litigate these issues in a Court that will not give them fair consideration.  I make this suggestion because it is in the best interests of the District Court, the Court of Appeals and even Your Honor's interests.  An immediate recusal would promote the expeditious and effective administration of justice by saving the Courts and the parties lengthy and heated Motion practice and unnecessary judicial and/or administrative inquiries into anyone's conduct. Finally and perhaps most importantly, Your Honor's recusal would allow Kaprun victims and survivors to have cases that languished (in part because of Your Honor's erroneous rulings) to finally come to an expeditious end, which would save unnecessary waste of additional months and years in the District Court and in the Court of Appeals.

Therefore, to save the District Court, the Court of Appeals and even potentially the persons who sit on the Disciplinary Committee of the District Court to which you publicly referred me in the Aug. 16, 2007 Opinion and Order, I urge Your Honor to :

-------------------------

Appendix C - 36

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 9*
*Re: In Re: Ski Train Fire In Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et al, 03-CV-8961*
*(SAS)(THK): Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK): Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK): Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*
------------------------------

- Consider the *sua sponte* vacatur of all Orders since June 2007;

- Recuse yourself from these cases and inform the Chief Judge that the cases should be expeditiously randomly reassigned to another Judge before whom Plaintiffs' Rule 60 (b) Motions can be brought;

- Directing the parties to submit any opposition to this letter by December 19, 2007; or

- Convening an expedited pre-Motion Conference so that a proper record can be made upon which to base the request for expedited relief.

And, as always, thank you for the Court's continued attention and time in these cases.

Respectfully submitted,


Edward D. Fagan

EDF/
Attachments provided with the hard copy of this letter

Ccs:   All counsel of record – Via Electronic Delivery
       Foreign Plaintiffs' Counsel of Record in all cases
       Robert Hantman Esq

EXHIBIT   18

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, New York, NY 10001
Tel # (646) 378-2225, New Fax # (646) 304-6446
New Email Address: ed.fagan@global-litigation-partners.com

*Via Fax (212) 805-7920*                        Wednesday 2 January 2008
Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY 10007

Re: *Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v. Cyalume et al. 03-CV-8960(SAS); Geier et al v. Cyalume et al, 03-CV-8961 (SAS); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811(SAS); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935(SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK); & Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS) (collectively "Kaprun Cases") and Fagan v. Lowy et al 07-cv-10293 ("Fagan v. Lowy")*

Honorable Judge:

I write out of my respect for Your Honor, the Court and as an additional courtesy to Your Honor for the years of work in *The Kaprun Cases*. I am in receipt of Your Honor's Dec. 28, 2007 Order (entered Jan. 2, 2008) in the matter entitled *Fagan v. Lowy et al 07-cv-10293 (See attached).* In that Order, after reviewing the Motion (Doc. # 5) in *The Fagan v. Lowy Case*, Your Honor recognized the need for *sua sponte* recusal pursuant to 28 USC § 455 (a).

After reviewing the Dec. 28, 2007 Order in *The Fagan v. Lowy Case*, it appears that Your Honor intended to recuse herself in all related cases, including all of the cases marked as related under *The Kaprun Cases* Master Docket in 01-md-1428 *(See attached Docket Sheets).* However, that Order has not yet been entered and this has been a problem in the past in the related cases.

For the reasons set forth below, and so there is an appropriate record, I submit the following facts as the basis for Your Honor to please contact the Clerk to direct the expedited entry of an Order memorializing Your Honor's *sua sponte* recusal in *The Kaprun Cases* Master Docket. As the Court recognized, and to insure for a complete record, the basis for "recusal" include:

- *The Fagan v Lowy Case* and *The Kaprun Cases* are related cases *(See Docket Entries)* and the Court has already recused itself in one related case;

- Prior to accepting *The Fagan v Lowy Case* as related to *The Kaprun Cases* Your Honor reviewed the Confidential, Attorney Client, Attorney Work Product Communications related to litigation and appeals strategy, discussion of some of Your Honor's actions, Orders and/or rulings and other matters *(See Notice of Removal in The Fagan v. Lowy Case and references to Confidential Documents / Emails between me and Kaprun victims, survivors and Cooperating Counsel, also referenced in Doc. # 5);* and

- In the Motion that led to Your Honor's recusal in *The Fagan v. Lowy Case* it was explained that Your Honor should recuse yourself in *The Fagan v. Lowy Case* and *The Kaprun Cases*. It was specifically explained that the need for recusal was because of

---------------------------
Appendix C - 38

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 2*
*Re:*    *In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

--------------------------------

events that occurred within the last few weeks/months and that recusal was necessary so that issues related to evidence preservation and Rule 60 (b) Motions in *The Kaprun Cases* could proceed expeditiously and based on the new evidence and facts that should lead to relief from Your Honor's June 19, 2007, August 16, 2007, October 24, 2007 and subsequent Orders. The December 13, 2007 Letter in which these, and other, issues for recusal were spelled-out in greater detail was part of the Motion that led to Your Honor's *sua sponte* recusal today *(See Exh. 2 to Doc. 5).*

Your Honor should note that on a personal and professional basis, I am sorry that Plaintiff Kaprun victims, survivors and/or their representatives, the European & Japanese Cooperating Counsel and I were forced to make and/or raise these serious procedural issues, especially issues in which we were forced to request that the Court recuse itself, as it now appears to have done. However, we were compelled to do so because of the urgent developments related to evidence preservation, the need to have expedited consideration of Rule 60 (b) Motions and because of the *extremis* with which Kaprun victims, survivors and their families suffer (some of which was explained in the Dec. 13, 2007 letter).

I am also emboldened by Your Honor's own words when the Court was considering the previously pending Motion for Reconsideration in response to the urging of Defendants' Counsel Brant Bishop for Siemens Transportation Systems, who was trying to get Your Honor to adhere to beliefs, which at that time the Court appeared to believe merited "reversal" of the June 19, 2007 Forum decision.   Your Honor's words were

*"I am not worried about procedural niceties.  I am interested in doing justice."*
*(See attached excerpt of Trans. July 11, 2007 page 33, line 17 -18).*

I respectfully submit that once Your Honor recused yourself *sua sponte* from one related case and based on the evidence and facts presented in the Motion *(Doc. # 5 in The Fagan v Lowy Case)* a companion and/or separate Order should have been issued/entered in all related cases.

Based on the Dec. 21, 2007 Order, and prior to learning of the Dec. 28, 2007 recusal Order, Plaintiff Kaprun victims, survivors and their family representatives, Cooperating European & Japanese counsel and I were preparing a Motion and/or Application for Issuance of an Emergency Writ of Mandamus, directing that the cases be returned to the District Court related to evidence preservation and Rule 60 (b) Motions in *The Kaprun Cases* could proceed expeditiously. Your Honor's *sua sponte* recusal Order today either obviated the need for or underscores the need for such an application. Therefore, on behalf of Kaprun victims, survivors and representatives for whom justice has so long been delayed and for whom Your Honor once said she was *"interested in doing justice"*, I urge Your Honor to enter the appropriate companion Recusal Order in *The Kaprun Cases* under the Master Docket 01-md-1428 which would avoid the necessity of the filing of such a Motion or application for issuance of an Extraordinary Writ.

--------------------------

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 3*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

-----------------------------

**Facts Showing Recusal Warranted, and if required, Application to Circuit will be Based**
The reasons why Your Honor's impartiality must be questioned and why Your Honor should
recusal yourself *sua sponte* in related *The Kaprun Cases* include among other things:

| | |
|---|---|
| (i) | The Dec. 28, 2007 Recusal Order in the related *Fagan v. Lowy Case;* |
| (ii) | The urgent evidence preservation and Rule 60 (b) Motions that need to be made in The Kaprun Cases; |
| (iii) | Your Honor's extra-judicial contact with non-party hostile witness Stieldorf; |
| (iv) | Your Honor's April 25, 2007 promises to consider facts and evidence submitted by non-party hostile fact witness Stieldorf in Court's disposition of pending Motions including those related to evidence issues; |
| (v) | Your Honor's June 6, 2007 ex-parte communication with former employee Richard Rose of Defendant Omniglow who was to testify related to evidence preservation, spoliation and concealment of causes of action; |
| (vi) | Your Honor's refusal to accept Declarations from Plaintiffs' authorized representatives related to matters including preservation, spoliation and concealment of evidence, concealment of causes of action, and interference with and/or intimidation of witnesses; |
| (vii) | Your Honor's refusal to accept and correct errors, both legal and factual, when they are/were repeatedly pointed out by Plaintiffs; |
| (viii) | Your Honor's refusal to rule on pending evidence preservation and/or spoliation Motions dating back to Jan. 2007; |
| (ix) | Your Honor's Oct. 24, 2007 Order and erroneous conclusions of fact alleging Plaintiffs failed to comply with Court Orders, which issues were discussed in Confidential and Privileged Emails that Your Honor reviewed in *The Fagan v Lowy Case*, and despite the Oct. 16, 2007 letters that were submitted to Your Honor in accordance with the Aug. 16, 2007 Order; |
| (x) | Your Honor's disruption of the Motion for Reconsideration, after Oral Argument, at the end of the briefing schedule by disqualifying Ed Fagan, Plaintiffs' counsel of record, the only counsel with knowledge of the relevant facts and the ability to complete the Motion in a seven year old case and counsel for whom Plaintiffs' explained they have no conflicts; |
| (xi) | Your Honor's convening of the Sept. 28, 2007 Conferences with James Lowy and demand of information from a lawyer whom Your Honor knew had not demonstrated his purported authority to act for Plaintiffs and who had not complied with Your Honor's Aug. 16, 2007 Order; |
| (xii) | Your Honor's review of Confidential, Attorney Client, Work Product and Privileged Communications / Emails submitted to by James Lowy, that were between Plaintiffs, European & Japanese Cooperating Counsel and me related to matters in the District Court and litigation / appellate strategy; |

-----------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 4*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al. 03-CV-8960 (SAS); Geier et al v. Omniglow et al. 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

---

    (xiii)        Your Honor's creation of adversarial relationship between the District
Court and Plaintiffs and/or Plaintiffs' counsel Fagan by "complaining"
about Plaintiffs' counsel to the District Court Disciplinary Committee; and

    (xiv)        Your Honor's repeated rejection and refusal to consider Plaintiffs' claims,
arguments and evidence related to spoliation, destruction and concealment
of evidence and causes of action, and instances of interference and/or
intimidation of witnesses, and the Motions related to these issues.

## Summary of Authority to Support Reassignment

    As Your Honor knows the issue of evidence preservation and/or spoliation has been a
matter that has already been to the 2nd Circuit and in March 2006, pending an Appeal, the Circuit
remanded the cases to the District Court to address evidence preservation issues. *See Doc. # 74 in
01-md-1428).*

    The Court of Appeals has authority to remand The Kaprun Cases to a Different District
Court Judge to deal with issues related to (i) evidence preservation, spoliation and sanctions, (ii)
the Rule 60 (b) Motions and (iii) supplementing the record on appeals, and is appropriate for *"both
for the judge's sake and the appearance of justice," See United States v. Schwarz, 500 F.2d 1350,
1352 (2d Cir. 1974).* It is also *"salutary and in the public interest, especially as it minimizes even
a suspicion of partiality". See United States v. Simon, 393 F.2d 90, 91 (2d Cir. 1968).* Such a
reassignment helps reduce the potential issues in future appeals insofar as the record in this case
is that the presently assigned District Judge has repeatedly adhered to erroneous view, despite the
fact that the errors were repeatedly called to her attention. *See United States v. Brown, 470 F.2d
285, 288 (2d Cir. 1972).*

    By having The Kaprun Cases remanded and reassigned to another judge we would avoid
*"an exercise in futility [in which] the Court is merely marching up the hill only to march right
down again". United States v. Robin, 553 F.2d 8, 11 (2d Cir.1977) (en banc), See Also United
States v. Tucker, 404 U.S. 443, 452, 92 S.Ct. 589, 594, 30 L.Ed.2d 592 (1972).*

## 2nd Circuit Authority to Remand Kaprun Cases to Different District Court Judge

    In considering remanding a case to a different District Court Judge, the Circuit Court
need not make a finding of bias or prejudice. The Court can simply consider the length of the
proceedings below and the record and still conclude that remand to a different district judge is
appropriate. *See Sobel v. Yeshiva University, 839 F.2d 18 (2nd Cir. 1988). See also United
States v. Spears, 827 F.2d 705, 709 (11th Cir. 1987) (where district judge apparently evidenced
bias against a party, reassignment was ordered); In re Matter of Yagman, 796 F.2d 1165, 1188
(9th Cir. 1986) (even where circuit court rejects contention district court was biased as ground
for reversal, and does not doubt district judge's "ability to act fairly", remand to new judge
"necessary to preserve the appearance of justice"); Davis & Cox v. Summa Corp., 751 F.2d*

---

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 5*
*Re:      In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

------------------------------

*1507, 1523 (9th Cir. 1985) ("A district court judge's adamance in making an erroneous ruling*
*may justify remanding the case to a different judge.").*

In determining remand to a new district court judge the Court is to consider (i) whether
the original judge would reasonably be expected upon remand to have substantial difficulty in
putting out of his or her mind previously-expressed views or findings determined to be erroneous
or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the
appearance of justice, and (3) whether reassignment would entail waste and duplication out of
proportion to any gain in preserving the appearance of fairness. *See United States v. Arnett, 628*
*F.2d at 1165 (quoting United States v. Robin, 553 F.2d at 10).* The first two of these factors are
of equal importance, and a finding of one of them could support a remand to a different judge.
*See United States v. Alverson, 666 F.2d 341, 349 (9th Cir. 1982).*

As the Court said in *United States v. Robin 553 F.2d 8 (2nd Cir. 1977)*:
>*As a general rule, cases sent back to a district court for further*
>*proceedings are remanded without any directions or suggestions as to the*
>*judge before whom they are to be conducted. That matter is properly left to*
>*the district court. However, in a few instances there may be unusual*
>*circumstances where "both for the judge's sake and the appearance of*
>*justice," see United States v. Schwarz, 500 F.2d 1350, 1352 (2d Cir. 1974), an*
>*assignment to a different judge "is salutary and in the public interest,*
>*especially as it minimizes even a suspicion of partiality", see United States v.*
>*Simon, 393 F.2d 90, 91 (2d Cir. 1968). In such circumstances remand does*
>*not imply any personal criticism of the trial or sentencing judge. Absent proof*
>*of personal bias requiring recusation, Title 28 U.S.C. § 144, the principal*
>*factors considered by us in determining whether further proceedings should*
>*be conducted before a different judge are (1) whether the original judge*
>*would reasonably be expected upon remand to have substantial difficulty in*
>*putting out of his or her mind previously-expressed views or findings*
>*determined to be erroneous or based on evidence that must be rejected, (2)*
>*whether reassignment is advisable to preserve the appearance of justice, and*
>*(3) whether reassignment would entail waste and duplication out of*
>*proportion to any gain in preserving the appearance of fairness.*
>*Where a judge has made detailed findings based on evidence erroneously*
>*admitted or factors erroneously considered, the circumstances sometimes are*
>*such that upon remand he or she either cannot reasonably be expected to*
>*erase the earlier impressions from his or her mind or may tend to lean over*
>*backwards or overreact in an effort to be fair and impartial. A new fact-finder*
>*would not labor under any such handicap . . . The seriousness of this problem*
>*in any particular case will depend upon a number of factors, including the*
>*nature of the proceeding, the firmness of the judge's earlier-expressed views*
>*or findings, and the reasons for the reversal . . . . (another) factor bearing*

------------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 6*
*Re:    In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

------------------------------

> *upon whether to reassign to another judge is whether the retrial will be before*
> *the judge as a fact-finder or sitting with a jury. See O'Shea v. United States,*
> *491 F.2d 774, 779 (1ˢᵗ Cir.), overruled as to a different holding, Wingo v.*
> *Wedding, 418 U.S. 461, 473, n. 19, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974).*
> *Where the judge sits as the fact-finder, reassignment is the preferable course,*
> *since it avoids any rub-off of earlier error.*

In a multi-judge district such as the Southern District of New York where the necessity of retrial before the same judge is not present, the practice of retrial before a different judge *„ is salutary and in the public interest, especially as it minimizes even a suspicion of partiality . . . it outweighs any considerations of judicial economy and convenience, and is the (wise) practice".* See *United States v. Simon, 393 F.2d 90, 91 (2nd Cir. 1968)* and *United States v. Mitchell, 354 F.2d 767, 769 (2 Cir. 1966)*. And, *"(w)hile review after final judgment can (at a cost) cure the harm to a litigant, it cannot cure the additional, separable harm to public confidence that section 455 was designed to prevent." School Asbestos, 977 F.2d at 776*.

> *"Section 455 reflects Congress's view that the adjudication of a case by a judge with an actual or apparent bias, is an `abuse of judicial power,' because it is a threat to the integrity of the judicial system. Interlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate." Id. at 778 (citation omitted; emphasis in original); accord In Re International Business Machines Corp. 45 F. 3d 641 (2nd Cir. 1995), Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 167 (3d Cir. 1993)*.

Section 455 (a) is a broad, prophylactic recusal rule, which provides that a federal judge *"shall disqualify (herself) in any proceeding in which his impartiality might be reasonably questioned."* 28 U.S.C. § 455(a) (emphasis added); see also Judicial Conduct Code Canon 3C (*"Disqualification. A judge shall disqualify his/herself in a proceeding in which the judge's impartiality might reasonably be questioned . . ."*). By its terms, Section 455 states that disqualification is required whenever a judge's impartiality "might" be reasonably questioned. Thus, even the prospect of a reasonable question – such as has been demonstrated here - triggers the mandatory duties of Section 455.

In addition to the broad disqualification rule under Section 455(a), Section 455 (b)(1) provides that a judge *"shall disqualify (herself)"* when, among other things, she has *"personal knowledge of disputed evidentiary facts concerning the proceeding"* (28 U.S.C. § 455(b)(1)), which includes knowledge imputed to the judge from close advisors (K.L., 93 F.3d at 259). This disqualification rule is not another required element of disqualification for appearance of partiality under Section 455(a). It is an independent basis for disqualification. A *"finder of fact must be `free from external causes tending to disturb the exercise of deliberate and unbiased*

------------------------------
Appendix C - 43

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 7*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al. 03-CV-8960 (SAS); Geier et al v. Omniglow et al. 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

------------------------------

*judgment.""* Price Bros. Co. v. Philadelphia Gear Co., 629 F.2d 444, 446 (6th Cir.
1980) (quoting Mattox v. United States, 146 U.S. 140, 149 (1892)).

Recusal may in fact be the only option when " . . . *(the judge) chose not to disqualify*
*herself because she felt duty-bound to shepherd (an) extraordinarily complicated and protracted*
*litigation to its conclusion and out of concern about creating additional delay. These are both*
*laudable sentiments, and we must acknowledge that the newly assigned district judge will face a*
*gargantuan task in becoming familiar with the case. Nevertheless, a district judge may not sit*
*where (her) partiality may reasonably be questioned and the parties refuse to waive that objection.*
*Indeed, we believe that this episode is precisely the kind that Congress contemplated in*
*broadening section 455. If (the judge) were to continue presiding, the outcome of this massive,*
*important, and widely followed case would be shrouded with suspicion. Accordingly, we are*
*compelled to order (that the District Judge) disqualify herself.* 977 F.2d at 784-785 (citation
omitted); see also Alexander, 10 F.3d at 166 (granting mandamus to disqualify judge who had
presided over case for four years).

"*(I)rrespective of requirements of § 455(a), [the Circuit Court has] supervisory authority*
*to order this case reassigned to another district court judge*" even without clear and indisputable
factual showing which is ordinarily required for mandamus. *In Re International Business*
*Machines Corp. supra; Alexander, 10 F.3d at 167; see 28 U.S.C. § 2106, cited in Alexander, 10*
*F.3d at 167 & n.15.*

Congress and the courts recognize the critical need "*to promote confidence in the integrity*
*of the judicial process.*" Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 859 (1988);
see also School Asbestos, 977 F.2d 777; Alexander, 10 F.3d at 167 ("*impartiality and appearance*
*of impartiality of a judicial officer are the sine qua non of the American legal system*").

It is not necessary, therefore, to show that Your Honor "*actually harbors any illegitimate*
*pro-Plaintiff bias.*" School Asbestos, 977 F.2d at 782.  Nor does it matter "*whether or not the judge*
*actually knew of the facts creating an appearance of impropriety, so long as the public might*
*reasonably believe that he or she knew.*" Liljeberg, 486 U.S. at 860.

All that matters is whether, "*regardless of [the judge's] actual impartiality, a reasonable*
*person might perceive bias to exist, and this cannot be permitted.*" US v. Amico 486 F. 3d (2nd
Cir. 2007), School Asbestos, 977 F.2d at 782; see also United States v. Nobel, 696 F.2d
231, 235 (3d Cir. 1982).

## Conclusion

Against that backdrop and the extra-ordinary facts and circumstances, Kaprun victims,
survivors, their families, my European & Japanese colleagues and I submit that we had a duty to

------------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 8*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
         *Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
         *Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
         *Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
         *(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

-----------------------------

question Your Honor's impartiality.  It is more than reasonable to do so and recusal is justified.
*See School Asbestos, 977 F.2d at 777 n. 10. "Congress designed this general standard 'to*
*promote public confidence in the impartiality of the judicial process by saying, in effect, if there is*
*a reasonable factual basis for doubting the judge's impartiality, (she) should disqualify herself*
*and let another judge preside over the case.'"  See United States v. Nobel, 696 F.2d at 235*
*(quoting H.R. Rep. No. 1453, 93d Cong., 2d Sess. at 5 (1974)).*

      The goal of the disqualification statute is to insist upon even the appearance of impartiality.
It focuses on what is revealed to the parties and the public, as opposed to the existence in fact of
any bias or prejudice. A judge should exercise his/her discretion in favor of disqualification if
he/she has any question about the propriety of his/her sitting in a particular case. *Hall v. Small*
*Business Admin., 695 F.2d 175, 178-179 (5th Cir. 1983) (citations omitted); see also Judicial*
*Conduct Code Canon 2A; id. Canon 2A, Official Commentary ("A judge must avoid all*
*impropriety and appearance of impropriety.").*

      Since Your Honor has already recognized the need to disqualify yourself in one related
case, I/we respectfully submit that Your Honor should have (and may already have done so) so in
all related cases.  We eagerly anticipate notification of Your Honor's issuance and direction to
the Clerk for the entry of such an Order.  Plaintiffs can then contact the Assignment and/or Chief
Judge to request that *The Kaprun Cases* be expetiously reassigned to a Different District Court
Judge.  Plaintiffs can then also file the necessary evidence related motions and the Rule 60 (b)
Motions so that they can be promptly presented to a Different District Court Judge. This would
avoid further unnecessary burden to the Circuit Court, the District Court, Your Honor and the
parties.  Finally, Plaintiffs may also be in a position to move to withdraw, modify or stay the
appeals pending the dispositon of the Rule 60 (b) Motions in the District Court.

      Plaintiff Kaprun victims, survivors, European & Japanese Cooperating Counsel and I make
this request *"both for (Your Honor's) sake and the appearance of justice." See United States v.*
*Schwarz, 500 F.2d at 1352 (2d Cir. 1974)* and because it *"is salutary . . . in the public interest*
*(and) . . . minimizes even a suspicion of partiality".  See United States v. Simon, 393 F.2d at 91*
*(2d Cir. 1968).*

      In view of the foregoing, we urge the Court to promptly issue the appropriate Recusal
Order in the Kaprun Cases to be entered into the Master Docket 01-md-1428.  As always, thank
you for the Court's continued attention and time in these cases.

Respectfully submitted,

*[signature]*

Edward D. Fagan

-----------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 9*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000. MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al. 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

---------------------------------

EDF/

Attachments provided with the hard copy of this letter

Ccs:    Joy Fallek Esq. – Circuit Court Clerk Assigned to Appeals 07-4121-cv and 07-5317-cv
        All counsel of record – Via Electronic Delivery
        Foreign Plaintiffs' Counsel of Record in all cases
        Robert Hantman Esq

# EXHIBIT  19

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, New York, NY 10001
Tel # (646) 378-2225, New Fax # (646) 304-6446
New Email Address: ed.fagan@global-litigation-partners.com

*Via Fax (212) 805-7920*                                    Friday 4 January 2008
Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY 10007

Re: *Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v. Cyalume et al. 03-CV-8960(SAS); Geier et al v. Cyalume et al. 03-CV-8961 (SAS); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811(SAS); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935(SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK); & Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS) (collectively "Kaprun Cases") and Fagan v. Lowy et al 07-cv-10293 ("Fagan v. Lowy")*

Honorable Judge:

With the hard copy of this letter I am providing the Court with the Motion for Reconsideration, pursuant to Local Rule 6.3 and Rule 60 (b), for an expedited Conference, and other relief, being submitted by Kaprun victim, survivor and their representatives *("Kaprun Plaintiffs")* and by me.

The Motion is for Reconsideration of Your Honor's December 21, 2007 Order *(entered on December 26, 2007)*. The Motion is also signed by holders of Valid Powers of Attorney to act on behalf of Kaprun Plaintiffs and is accompanied by Declarations from, among others, Dr. Carl Abraham, Dr. Bernd Geier, Dr. Herwig Hasslacher, Dr. Toichiro Kigawa, Dr. Gerhard Podovsovnik, Dr. Ulrich Schwab and me. Since the Declaration Exhibits are voluminous, they are being delivered separately so they are in Your Honor's hands by Monday Jan. 7, 2008

In accordance with Your Honor's practice, I urge the Court to convene a Conference at the Court's earliest convenience so these issues can be expeditiously resolved. Such a Conference would help reduce the burden on the District Court, the Court of Appeals, and on all parties that will result from Kaprun Plaintiffs and my need to continuously file Amended Notices of Appeal and/or New Appeals from Your Honor's December 28, 2007 Order (entered on Jan. 2, 2008) or for other relief in the Court of Appeals.

I have reviewed Defendants recent letters suggesting that I have no authority to make applications to the District Court, or even to the Court of Appeals, for relief from (or for reversal of) Orders that affect or relate to me personally. I submit that such suggestions are legally flawed and again underscore the problems in this case that date back to April 2007.

Kaprun Plaintiffs and I should be permitted to seek and to demand that the Court not *"be worried about procedural niceties"* but should instead focus upon *"doing justice"* which Your Honor said was The Court's concern during the July 11, 2007 Hearing, as referenced in my January 2, 2008 letter. Unfortunately, now it appears that *"justice"* requires:

(i)     Your Honor's recusal in The Kaprun Cases, just as Your Honor recused yourself in the related Fagan v. Lowy case *(for the reasons set forth in the January 2, 2008 letter)*;

---------------------------
Appendix C - 48

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –4 Jan. 2008 Letter –Page 2*

Re:     *In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
        *Omniglow et al. 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
        *Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
        *Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
        *(SAS); Ferk et al v. Omniglow Corp. et al  07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

--------------------------------

(ii)     Expedited consideration of Motions related to Evidence preservation and spoliation
         by a different District Court Judge;

(iii)    Expedited consideration of Rule 60 (b) Motions by a different District Court Judge;
         and

(iv)     Other just and equitable relief related to all Court Orders dating back to June 19, 2007.

I am sending a copy of the Motion and the supporting Geier Declaration, so the Court can get a
quick overview of the issues presented, and thereby hopefully consider the matter over the
weekend and to the be prepared to schedule a Conference, perhaps as early as next week.

As always, thank you for the Court's continued attention and time in these cases.

Respectfully submitted,

Edward D. Fagan

EDF/
Attachments provided with the hard copy of this letter

Ccs:     Joy Fallek Esq. – Circuit Court Clerk Assigned to Appeals 07-4121-cv and 07-5317-cv
         All counsel of record – Via Electronic Delivery
         Foreign Plaintiffs' Counsel of Record in all cases
         Robert Hantman Esq

# EXHIBIT 20

RECEIVED

NO:                            2008 JAN 17  PM 5:54

U.S. COURT OF APPEALS
SECOND CIRCUIT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

## In Re:
## KAPRUN FOREIGN VICTIMS and SURVIVORS,
## HEIRS AND FAMILY REPRESENTATIVES
## And
## EDWARD D. FAGAN

**Petitioners.**

---

## On Petition for a Writ of Mandamus to
## U.S. District Court for the Southern District of New York

---

# EMERGENCY PETITION FOR A WRIT OF MANDAMUS

---

Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel. (646) 378-2225
Fax (646) 304-6446
Email: ed.fagan@global-litigation-partners.com

1651, 28 USC § 2106 (authority to modify, vacate, set aside or reverse judgment, or order of District Court and to remand cause or require such further proceedings to be had as may be just under the circumstances) as well as FRAP 21 and Local Rule 21 (Application for Issuance of Mandamus Writ of Extraordinary Relief)

### B.    Remand Case for Evidence Preservation Issues

This Court previously issued a Limited Mandate for similar relief to what is now being sought.  See Feb. 27, 2003 Mandate.

### C.    Remand Case to Different District Court Judge

In considering remanding a case to a different District Court Judge, the Circuit Court need not make a finding of bias or prejudice.  On the contrary, the Court can consider the length of the proceedings below as well as the record and still conclude that remand to a different district judge is appropriate.  *See Sobel v. Yeshiva University, 839 F.2d 18 (2nd Cir. 1988). See also U.S. v. Spears, 827 F.2d 705, 709 (11th Cir. 1987) (where district judge apparently evidenced bias against a party, reassignment was ordered); In re Matter of Yagman, 796 F.2d 1165, 1188 (9th Cir. 1986) (even where circuit court rejects contention district court was biased as grounds for reversal, and does not doubt district judge's "ability to act fairly", remand to new judge "necessary to preserve the appearance of justice"); Davis & Cox v. Summa Corp., 751 F.2d 1507, 1523*

18

*(9th Cir. 1985) ("A district court judge's adamance in making an erroneous*

*ruling may justify remanding the case to a different judge. ").*

In determining remand to a new district court judge the Court is to consider

*(1) whether the original judge would reasonably be expected upon remand to have*

*substantial difficulty in putting out of his or her mind previously-expressed views*

*or findings determined to be erroneous or based on evidence that must be*

*rejected, (2) whether reassignment is advisable to preserve the appearance of*

*justice, and (3) whether reassignment would entail waste and duplication out of*

*proportion to any gain in preserving the appearance of fairness.* See *U.S. v.*

*Arnett, 628 F.2d at 1165 (quoting U.S. v. Robin, 553 F.2d at 10).* The first two

factors are of equal importance and finding one supports remand to a different

judge. See *U.S. v. Alverson, 666 F.2d 341, 349 (9th Cir. 1982).* As stated in *U.S.*

*v. Robin 553 F.2d 8 (2nd Cir. 1977):*

> *As a general rule, cases sent back to a district court for further*
> *proceedings are remanded without any directions or suggestions as to*
> *the judge before whom they are to be conducted. That matter is*
> *properly left to the district court. However, in a few instances there*
> *may be unusual circumstances where "both for the judge's sake and*
> *the appearance of justice," see U.S. v. Schwarz, 500 F.2d 1350,*
> *1352 (2d Cir. 1974), an assignment to a different judge "is salutary*
> *and in the public interest, especially as it minimizes even a suspicion*
> *of partiality", see U.S. v. Simon, 393 F.2d 90, 91 (2d Cir. 1968). In*
> *such circumstances remand does not imply any personal criticism of*
> *the trial or sentencing judge. Absent proof of personal bias requiring*
> *recusation, Title 28 U.S.C. § 144, the principal factors considered by*
> *us in determining whether further proceedings should be conducted*
> *before a different judge are (1) whether the original judge would*

*reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.*

*Where a judge has made detailed findings based on evidence erroneously admitted or factors erroneously considered, the circumstances sometimes are such that upon remand he or she either cannot reasonably be expected to erase the earlier impressions from his or her mind or may tend to lean over backwards or overreact in an effort to be fair and impartial. A new fact-finder would not labor under any such handicap . . . The seriousness of this problem in any particular case will depend upon a number of factors, including the nature of the proceeding, the firmness of the judge's earlier-expressed views or findings, and the reasons for the reversal . . . . (another) factor bearing upon whether to reassign to another judge is whether the retrial will be before the judge as a fact-finder or sitting with a jury. See O'Shea v. U.S., 491 F.2d 774, 779 (1st Cir.), overruled as to a different holding, Wingo v. Wedding, 418 U.S. 461, 473, n. 19, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). Where the judge sits as the fact-finder, reassignment is the preferable course, since it avoids any rub-off of earlier error.*

In a multi-judge district such as this one, where the necessity of retrial before the same judge is not present, the practice of retrial before a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality . . . it outweighs any considerations of judicial economy and convenience, and is the (wise) practice. *See U.S. v. Simon, 393 F.2d at 91* and *U.S. v. Mitchell, 354 F.2d 767, 769 (2 Cir. 1966).*

20

The record contains facts, as explained above, that would lead a reasonable person knowing the facts, to conclude that Judge Scheindlin's Orders are the product of bias and prejudice and therefore the case should be reassigned.

The record also shows Petitioners have litigated for the past seven years and for whom the U.S. Courts are the only forum in which their claims can be heard. Further, the record confirms that certain Petitioners are *in extremis*. Some Petitioners have suffered strokes, heart attacks, others diagnosed with cancer, others contracted diseases or debilitating physical and/or emotional illnesses, others suffer from difficult financial circumstances and have difficulty sustaining themselves/their families, others live at poverty level because of the disaster, and all families are permanently traumatized, due to the Kaprun disaster. Judge Scheindlin allowed the case to be dragged out by permitting certain Defendants to file peace-meal motions and then refused to rule upon Petitioners repeated Motions related to Evidence issues. Now she refuses to act until after the appeal is concluded. If the requested relief is not granted, evidence will be lost, evidence will not be preserved, violation of District Court Orders will be delayed, Petitioners' claims will be prejudiced and many Petitioners will be unavailable for trial, due to deteriorating conditions, by the time the appeals are resolved.

### D. Remand to Different Judge Based on Actual or Apparent Bias

*"While review after final judgment can (at a cost) cure harm to a litigant, it*

21

cannot cure the additional, separable harm to public confidence that section 455 was designed to prevent." See, In Re: School Asbestos, 977 F.2d at 776.

"Section 455 reflects Congress's view that the adjudication of a case by a judge with an actual or apparent bias, is an `abuse of judicial power,' because it is a threat to the integrity of the judicial system. Interlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate." Id. at 778 (citation omitted; emphasis in original); accord In Re International Business Machines Corp. 45 F. 3d 641 (2nd Cir. 1995), Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 167 (3d Cir. 1993).

In a case such as this, the Section 455 standard `clearly and indisputably' requires the district judge to disqualify herself and the 2nd Circuit will issue a writ of mandamus directing the disqualification if the Judge refuses to do so on her own. See School Asbestos, 977 F.3d at 778.

This Court "irrespective of § 455(a) requirements [has] supervisory authority to order this case reassigned to another district court judge" even without the clear and indisputable factual showing which is ordinarily required for mandamus. In Re International Business Machines Corp. 45 F. 3d, 641; Alexander, 10 F.3d at 167 and FN 15; and 28 U.S.C. § 2106.

Further, Congress and the courts recognize the critical need "to promote confidence in the integrity of the judicial process." Liljeberg v. Health Services

22

*Acquisition Corp., 486 U.S. 847, 859 (1988); see also School Asbestos, 977 F.2d 777; Alexander, 10 F.3d at 167 ("impartiality and the appearance of impartiality of a judicial officer are the sine qua non of the American legal system").*

It is not necessary for the judge to *"actually harbor any illegitimate bias."* See *School Asbestos, 977 F.2d at 782.* Nor does it matter *"whether or not the judge actually knew of the facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." Liljeberg, 486 U.S. at 860.*

All that matters is whether, *"regardless of [the judge's] actual impartiality, a reasonable person might perceive bias to exist, and this cannot be permitted."* See *US v. Amico 486 F. 3d (2nd Cir. 2007), School Asbestos, 977 F.2d at 782; and US. v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982).*

Section 455 (a) is a broad, prophylactic recusal rule, which provides that a federal judge *"shall disqualify (herself) in any proceeding in which his impartiality might be reasonably questioned."* 28 U.S.C. § 455(a) (emphasis added); see also Judicial Conduct Code Canon 3C (*"Disqualification. A judge shall disqualify his/herself in a proceeding in which the judge's impartiality might reasonably be questioned . . ."*). By its terms, Section 455 states that disqualification is required whenever a judge's impartiality "might" be reasonably questioned. Thus, even the prospect of a reasonable question – such as has been demonstrated here - triggers the mandatory duties of Section 455.

*"Congress designed this general standard `to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, (she) should disqualify herself and let another judge preside over the case.'"* See U.S. v. Nobel, 696 F.2d at 235 *(quoting H.R. Rep. No. 1453, 93d Cong., 2d Sess. at 5 (1974)).*

The goal of the disqualification statute is to insist upon even the appearance of impartiality. It focuses on what is revealed to the parties and the public, as opposed to the existence in fact of any bias or prejudice. A judge should exercise his/her discretion in favor of disqualification if he/she has any question about the propriety of his/her sitting in a particular case. *Hall v. Small Business Admin., 695 F.2d 175, 178-179 (5th Cir. 1983) (citations omitted); see also Judicial Conduct Code Canon 2A; id. Canon 2A, Official Commentary ("A judge must avoid all impropriety and appearance of impropriety.").*

In addition to the broad disqualification rule under Section 455(a), Section 455 (b)(1) provides that a judge *"shall disqualify (herself)"* when, among other things, she has *"personal knowledge of disputed evidentiary facts concerning the proceeding"* (28 U.S.C. § 455(b)(1)), which includes knowledge imputed to the judge from close advisors (K.L., 93 F.3d at 259). This disqualification rule is not another required element of disqualification for appearance of partiality under Section 455(a). It is an independent basis for disqualification. A *"finder of fact*

24

*must be `free from external causes tending to disturb the exercise of deliberate and unbiased judgment."" Price Bros. Co. v. Philadelphia Gear Co., 629 F.2d 444, 446 (6th Cir. 1980) (quoting Mattox v. U.S., 146 U.S. 140, 149 (1892).*

Judge Scheindlin's refusal to permit Petitioners to submit Motions for Evidence Preservation and Spoliation Sanctions (consistent with this Court's prior Mandate), or to compel the Court to enforce its own Orders, and Rule 60 (b) and other relief, as well as the District Court's handling of prior Motions for Reconsideration, Recusal, to Supplement the Record, Spoliation Sanctions and Rule 60 (b) Motions, prevent the Court of Appeals from knowing *" [critical facts], because the district judge has blocked discovery." See K.L., 93 F.3d at 258.* That has been accomplished by Judge Scheindlin's refusing Petitioners' requests (i) to present the evidence preservation and spoliation issues, and (ii) to expand the record so evidence of the Court's extra-judicial contacts, ex-parte communications, unauthorized and improper review of Petitioners' Confidential Attorney Client, Work Product Privileged Emails and communications related to litigation and appellate strategy and Judge Scheindlin herself, relevant to the multiple motions for recusal from all Kaprun cases.

The fact Judge Scheindlin presided over the procedural aspects of the MDL cases, to which Petitioners' cases were marked as related, and which have been pending for the last seven years, does not alter the need for her removal. See

*School Asbestos, 977 F.2d at 778, 780—where a judge presiding over litigation for*

*more than six years  before a recusal motion was made can be removed, stating*

Recusal may be the only option when

> " . . . *(the judge) chose not to disqualify herself because she felt duty-bound to shepherd (an) extraordinarily complicated and protracted litigation to its conclusion and out of concern about creating additional delay. These are both laudable sentiments, and we must acknowledge that the newly assigned district judge will face a gargantuan task in becoming familiar with the case. Nevertheless, a district judge may not sit where (her) partiality may reasonably be questioned and the parties refuse to waive that objection. Indeed, we believe that this episode is precisely the kind that Congress contemplated in broadening section 455. If (the judge) were to continue presiding, the outcome of this massive, important, and widely followed case would be shrouded with suspicion. Accordingly, we are compelled to order (that the District Judge) disqualify herself. 977 F.2d at 784-785 (citation omitted); see also Alexander, 10 F.3d at 166 (granting mandamus to disqualify judge who presided over case for four years).*

The fact that The District Court considers this case large or complex does not

alter the mandatory recusal rule. *"Large, multidistrict class actions, for example,*

*often present judges with unique difficulties in monitoring any potential interest*

*they may have in the litigation." See Liljeberg, 486 U.S. at 862 n.9.* However,

"notwithstanding the size and complexity of litigation, judges remain under a duty"

to comply with Section  455. Ibid.   And, *"the extraordinary size and complexity*

*of a case may assist in creating the extraordinary circumstances necessary to*

*invoke mandamus."* School Asbestos, 977 F.2d at 778 n. 14.

26

The District Court's comments on the record[6] demonstrate the type of bias

and hostility from extrajudicial sources and reveal the high degree of favoritism or

antagonism that make fair judgment impossible and which require recusal   *See US*

*v Berger, 225 US. 21, 28 (1921) and Liteky v US, 510 U.S. 540, 555-556 (1994).*

The evidence related and other issues that plagued these cases below also

complicate the appeals.  These issues could have been cured if Judge Scheindlin

had proper and timely rulings, findings of facts, kept track of urgent pending

Motions related to evidence, knew what happened from one Conference to another

knew which Plaintiffs were in which cases[7] and impartially considered Petitioners'

submissions.  These problems are now compounded by Judge Scheindlin's refusal

to take action consistent with the 2003 Evidence Related Mandate of this Court,

her failure to enforce her own Orders related to Evidence Preservation, failure to

recall rulings, delay in entry of Orders, failure to issue formal rulings and findings

of fact, failure to acknowledge or accept the authority and standing to act by

Petitioners' legal representatives who hold Valid Powers of Attorney, and

---

[6] Statements include *"you sound like you are hallucinating"[App. B- 91, line 6]*, *"apparently that offer is not satisfactory . . . and doesn't pay you enough" [App. B 91, line 12-13]* and *"Is there an Austrian Criminal Investigation pending, Mr. Fagan"* giving credibility to Defendants false allegations that Fagan had sex with under-aged prostitute in Austria *[App. B 95, line 13]*
[7] In her Jan. 3, 2008 Order, Judge Scheindlin incorrectly identifies Drs. Geier and Podovsovnik as plaintiffs in the case for which she recused herself and suggested it was done *sua sponte [App. B 45-46]*. However, the Docket in 1:07-cv-10293 shows Judge Scheindlin accepted the case, marked it as related to the Kaprun Cases, reviewed Confidential and Privileged Information and Documents related to Petitioners claims, litigation and appellate strategy and Petitioners' demanded recusal from that and all Kaprun related cases. *[App. C  38]*.