UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
============================================ X

EDWARD D. FAGAN, ESQ.,
        Plaintiffs,

07CIV10293    07 DOC#93(LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/08

vs.

JAMES F. LOWY, ESQ., INTERNATIONAL
LAW GROUP, LLC, FLORIDA LAW GROUP,
LLC, et Al., ROBERT J. HANTMAN, ESQ., et
Al.,
        Defendants.
============================================ X

ORDER TO SHOW CAUSE
(With Temporary Restraints)

    THIS MATTER being opened to the Court upon an application for Order to Show Cause by defendants James F. Lowy, Esq. ("Lowy"), International Law Group, LLC ("ILG"), and Florida Law Group, LLC, through their counsel Michael R. Perle, PC, pursuant to the All Writs Act, 28 U.S.C.A. §1651(a), 28 U.S.C.A. §1927, F.R.CIV. P. 65, and Local Civ. Rules 54.2, supported by (a) the Declaration of Michael R. Perle, Esq., with annexed exhibits, and (b) Affidavit of James F. Lowy, Esq., with annexed exhibits, and (c) the Notice of Removal heretofore filed in this matter on November 13, 2007, let Plaintiff or his attorneys show cause before HON. LEWIS A. KAPLAN of this Court, at the United States Court Courthouse, 500 Pearl Street, New York, NY 10007-1312 on the 3th Day of January, 2008, at 3 p.M., or as soon thereafter as counsel can be heard, why an order should not be made and entered against plaintiff Edward D. Fagan ("Fagan"), his agents, and attorneys, and/or any of their employees, officers, representatives, agents, or other persons acting in concert with them, or under their direction, or control, pendente lite, from:

a.   Vacating all temporary restraints and discharging the Order to Show Cause entered by the New York Supreme Court on October 31, 2007 in the within matter (Index No. 114562/07), prior to its removal to this Court;

b.   Enjoining the continuation of the prosecution of the within action by Edward D. Fagan, Esq.

*Fagan v.Lowy, 07Civ10293, Ord. to Show Cause, p 1*

("Fagan"), or the prosecution by Fagan, as an attorney, or pro se plaintiff, of any other action in the Southern District of New York, unless and until plaintiff Fagan

    (i)    has paid and discharged in full all sanctions and awards of counsel fees and costs which have been imposed against Fagan in the Southern District and Eastern District of New York which currently remain unpaid and outstanding, including any awards which may be the subject of any pending appeal, to the extent payment of same is not secured by a supersedeas bond;

    (ii)    Fagan has in addition posted a good bond in an amount of no less than $150,000, or such other amount as the Court may deem reasonably sufficient to cover in full any of sanctions or fees and costs which may be entered against Fagan may hereinafter in the within matter;

c.    Enjoining and restraining plaintiff Fagan, <u>pendente lite</u>, either as an attorney, or as a party-plaintiff, from conducting any further proceedings, or serving or submitting for filing any pleadings, or other documents, submissions in a matter captioned <u>Edward D. Fagan, Esq., Dr. Bernd Geier and Dr. Gerhard Podovsovnick vs. James F. Lowy, Esq., International Law Group, Florida Law Group, LLC, Michael R. Perle, Esq., and Michael R. Perle, PC</u>, Index No. 115473/2007, filed in the Supreme Court of New York New York County on or about November 19, 2007;

d.    Enjoining and restraining plaintiff Fagan, <u>pendente lite</u>, either as an attorney, or in any other capacity, from communicating through any means, including but not limited to the transmission of any document via the mails, facsimile transmission, email, hand-delivery or any other means either directly, or indirectly through any third person, with Harvey S. Grossman, Esq., Debra Grossman, or The Lions Group, Ltd., except upon notice to, and with the express written permission of Michael R. Perle, Esq., or serving any complaint, or other pleading upon said parties or their officers, agents or representative.

e.    Enjoining and restraining plaintiff Fagan, either as an attorney, or as a party-plaintiff, except

with leave of court, granted in accordance with the requirements, limitations and procedures established in In Re Martin Trigona, 737 F.2d 1254 (2d Cir.1984), In re Martin-Trigona, 763 F.2d 140 (2 Cir.1985) and progeny, from initiating or prosecuting any other matter in any forum within the States of New York or New Jersey which matter was not filed as November 13, 2007 (the date of removal to this Court of the within action), and names as a defendant or seeks relief in any form against James F. Lowy, Esq. ("Lowy"), International Law Group, LLC ("ILG"), Florida Law Group, LLC, Michael R. Perle, Esq. ("Perle"), Michael R. Perle, P.C., Harvey S. Grossman, Esq., or The Lions Group, Ltd., Jay J. Rice, Esq., or any other attorney or firm of attorneys named as a defendant in the within case, or who has appeared as counsel for any party in either the within action or in In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, 01-MDL-1428 (SAS), i.e., the "Kaprun Cases";

f.  Enjoining and restraining plaintiff Fagan pendente lite, without leave of this Court, from communicating in any manner, or through any means, including but not limited to the transmission of any document via the mails, facsimile transmission, email, hand-delivery or any other means, either directly, or indirectly through any third person, with either (i) the Character and Fitness Committee of the Appellate Division-First Department, Supreme Court of New York, and/or its members, agents and representatives, or (ii) the Bar of the State of Florida, and/or its members, agents and representatives regarding James F. Lowy, Esq., International Law Group, LLC, or Florida Law Group, LLC,.

**INTERIM RESTRAINT**

**IT IS FURTHER ORDERED:**

1.  That in order to preserve the jurisdiction of the Court and the integrity of its proceedings and orders, and to avoid the possibility of unnecessary multiplication of litigation, irreparable injury to defendants Lowy, ILG, and FLG, and their property, business and attorney client relationship with their counsel, Perle, pending the return date hereof, and/or a further order of this Court, plaintiff Fagan, and all of his employees, officers, representatives, agents, or

other persons acting in concert with him, or under their direction and control, are HEREBY ENJOINED, RESTRAINED AND PROHIBITED from

a. serving the complaint in, or submitting for filing any pleadings or other documents in, or otherwise further proceeding with the prosecution of a matter captioned Edward D. Fagan, Esq., Dr. Bernd Geier and Dr. Gerhard Podovsovnick vs. James F. Lowy, Esq., International Law Group, Florida Law Group, LLC, Michael R. Perle and Michael R. Perle, PC, Supreme Court of New York-New York County, Index No. 115473/2007, or initiating any new action against any of the defendants in that matter;

b. communicating with, contacting, or attempting to contact the malpractice insurance carriers of the James F. Lowy, Esq., International Law Group, Florida Law Group, LLC, Michael R. Perle and Michael R. Perle, PC, and

c. communicating in any manner regarding defendants James F. Lowy, Esq. with the Character and Fitness Committee of the Appellate Division-First Department, Supreme Court of New York.

2. Defendants may move before this Court prior to the return date, as provided for under F.R.CIV.P. 65(b), to vacate or modify the within temporary restraints contained herein.

3. SUFFICIENT CAUSE APPEARING THEREFORE, let service of true copies of this Order to Show Cause, together with the supporting declaration of Michael R. Perle, with annexed exhibits, and Affidavit of James F. Lowy, Esq., with annexed exhibits, and the accompanying memorandum of law, be made upon EDWARD D. FAGAN, attorney pro se, 5 Penn Plaza, 23rd. Floor, New York, NY 10001 ~~as follows:~~ *by hand or other means ensuring their delivery by 4:30 pm on January 25, 2108.*

4. True copies of this Order to Show Cause, together with the supporting declaration of Michael R. Perle, with annexed exhibits, and Affidavit of James F. Lowy, Esq., with

annexed exhibits, and the accompanying memorandum of law, shall also be served upon ROBERT J. HANTMAN, ESQ. and HANTMAN ASSOCIATES by USPO 1st class mail, hand delivery or express mail service within _1_ days of the entry of the within Order to Show Cause

5. Answering papers shall be served ~~upon the Court and the respective counsel for each of the defendants as follows:~~ and filed no later than January 28, 2008 at 4:30 pm.

6. Reply papers shall be served and filed no later than January 29, 2008 at 4 p.m.

Dated: Jan. 25, 2008

~~ENTER~~

_____
U.S.D.J.